(No. 29275.—
RUSSELL BLACK, Commissioner of Highways, *et al.,* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.* —(FRANK CLOUD, Defendant in Error.)

*Opinion filed March 20, 1946*

ANGERSTEIN & ANGERSTEIN, of Chicago, and DOBBINS, DOBBINS & THOMAS, of Champaign, (THOMAS C. ANGERSTEIN, GEORGE W. ANGERSTEIN, CHARLES WOLFF, and S. R. HARWOOD, all of Chicago, and RAY F. DOBBINS, of Champaign, of counsel,) for plaintiffs in error.

FRANCIS T. CARSON, and JOHN ALAN APPLEMAN, both of Urbana, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

By this writ of error plaintiffs in error seek the reversal of a judgment of the circuit court of Champaign county confirming, on *certiorari,* the decision of the Industrial Commission awarding compensation to defendant in error Frank Cloud.

The facts, not in dispute, are that plaintiff in error Russell Black, Commissioner of Highways of the town of Sadorus, let a contract to one Elmer Larson to gravel certain roads in the town of Sadorus. Larson sublet the contract to one C. J. Cavanaugh. The latter hired trucks, including that of one John Hall, to haul gravel. Cloud was employed by Hall as a truck driver and on July 22, 1936, hauled gravel on that job. All parties were under the provisions of the Workmen's Compensation Act. On that day Cloud's truck collided head on with another loaded truck, driven by an employee of another contractor on the job. Cloud was severely injured.

On June 16, 1937, Cloud filed an application for adjustment of claim with the Industrial Commission, claim-

ing compensation from his employer Hall and the town of Sadorus. The claim was numbered 242888.

On July 19, 1937, lacking three days of one year after the injury, Cloud filed an amended application of claim, adding one J. V. Patterson and plaintiff in error Russell Black, commissioner of highways of the town of Sadorus, as parties respondent. On November 24, 1937, more than a year after the injury, Cloud filed a second amended application for adjustment of claim, in which he added as parties respondent, Black's insurance carrier, the Standard Accident Insurance Company of Detroit, Michigan, J. V. Patterson, Elmer Larson, C. J. Cavanaugh and Bituminous Casualty Corporation, Cavanaugh's insurance carrier.

On January 7, 1938, C. J. Cavanaugh and his insurance carrier, Bituminous Casualty Corporation, filed a written motion to dismiss the claim as to them on the ground that the Statute of Limitations had run, as the amended claim making them parties respondent was not filed within one year after the date of the accidental injury. This motion was on July 5, 1938, denied and on *certiorari* the circuit court on December 16, 1938, reversed the order of the commission and ordered the application dismissed as to those respondents. On May 10, 1938, plaintiffs in error Black, Standard Accident Insurance Company of Detroit, Michigan, and the town of Sadorus filed their motions to dismiss, on the ground that there was no liability under the act, on the part of Black as commissioner of highways, or on the part of the town of Sadorus. On the hearing on these motions certified copies of insurance of Elmer Larson, the original contractor, and C. J. Cavanaugh, the subcontractor, were filed, showing that they carried workmen's compensation insurance at the time the contract and subcontract were let. Hall, Cloud's employer, carried no insurance. Although the commission, as we have seen, denied the motion of Cavanaugh and his insurance carrier, The Bituminous Casualty Corporation, to dis-

miss, it did not pass upon the motions of plaintiffs in error or that of the town of Sadorus.

On March 10, 1939, Cloud's claim for compensation was heard before one A. V. Becker, an arbitrator, and the testimony of defendant in error, his employer, Hall, and several other witnesses was heard. Hall testified that on July 22, 1936, he carried no compensation insurance. At the close of defendant in error's evidence motions of plaintiffs in error, Black, the town of Sadorus, and the Standard Accident Insurance Company, were again made for dismissal of the claim on the ground there was nothing in the record on which to base liability as to them. The hearing was closed and on March 24, 1939, arbitrator Becker entered his decision awarding Cloud compensation from Hall, and held "that each and every respondent other than John Hall is hereby dismissed as party respondent in this cause."

As no petition for its review was filed by any of the parties thereto, this award and order of dismissal became final. On July 21, 1939, on Cloud's petition, the circuit court of Champaign county entered judgment in his favor against Hall for the amount of the award and for attorney's fees. The record in the circuit court showed that Hall had theretofore paid defendant in error, on account of the award, a total of $58.25.

On September 1, 1939, Cloud and Hall filed a common-law suit in the circuit court of Champaign county against one Philip B. Kennedy, plaintiff in error Black, and C. J. Cavanaugh. Except for Kennedy, these defendants were parties to Cloud's application for compensation. The outcome of that suit is not shown in the record.

On February 4, 1941, Cloud filed a petition in the circuit court of Champaign county praying for leave to file a counterclaim in the *certiorari* proceedings in which that court had, on December 16, 1938, reversed the order of

the commission denying the motion of Cavanaugh and his insurance carrier, Bituminous Casualty Corporation, to dismiss defendant in error's claim, and ordering that claim dismissed as to them. On February 4, 1941, Cloud also asked leave to file a "counterclaim" against Standard Accident Insurance Company of Detroit, Michigan, Black and the town of Sadorus. The circuit court denied the petitions to file these counterclaims on the ground the court was without jurisdiction.

On February 4, 1941, Cloud also filed in the circuit court of Champaign county a motion that the proceedings be remanded to the Industrial Commission with instructions to consider the liability of the persons sought to be made defendant on the proposed counterclaim, under section 31 of the Workmen's Compensation Act. This motion was denied on the ground that nothing appeared in the record to indicate that the questions raised on the counterclaims were presented to the Industrial Commission, and, as no appeal was taken and the court had only appellate jurisdiction, such motion was denied.

On February 6, 1941, defendant in error filed a claim with the Industrial Commission captioned "Claim Against Employer of Sub-Contractor," in which he named as respondents all parties named as respondents in the original and amended applications and in addition the United States Fidelity and Guaranty Company, a corporation. In this last venture he alleged his injury, his employment by Hall, his recovery of an award for compensation and final judgment thereon in the amount of $4110.53. He alleged that all parties except United States Fidelity and Guaranty Company were parties to the proceedings before arbitrator Becker and that none of the parties had questioned the rendition of the judgment against Hall; that under section 31 of the Workmen's Compensation Act every employer and independent contractor is required to see that

insurance is carried by such independent contractor or sub-contractor, but that Black, the town of Sadorus, Cavanaugh, and Larson failed to require Hall to carry workmen's compensation insurance upon his employees and that Cloud was not informed of the nonexistence of such insurance upon John Hall until after the return of execution "unsatisfied" and until diligent search and investigation were made, and that he acquired that information less than six months prior to the filing of the present claim. He alleges notice of the accident within statutory time and that Hall had made certain payments, the last being on November 9, 1940. The petition concluded with the prayer that the Industrial Commission appoint an arbitrator to hear evidence and prays judgment against each and all of the defendants for $4333.28, the amount of the judgment against John Hall, together with interest from the date of its rendition.

A motion to dismiss this application for claim on the ground of lack of jurisdiction was filed with the commission. Hearing on the motion was had before arbitrator Charles A. Daly, who held that he was without jurisdiction because the issues had been adjudicated. Later, on review, at an *ex parte* hearing, the Industrial Commission heard oral testimony of the first arbitrator, Becker, who testified he did not pass upon the liability of any person under section 31 of the act. On January 15, 1943, another motion was filed under special and limited appearance, by plaintiffs in error, to dismiss the proceedings on the ground of lack of jurisdiction and that the claim was barred by the Statute of Limitations. The Industrial Commission did not pass upon the motion to dismiss, but, on May 4, 1944, entered a decision reversing the finding of arbitrator Daly and entering an award against plaintiffs in error Black as commissioner of highways, the town of Sadorus, and the Standard Accident Insurance Company. The circuit court affirmed the award.

Plaintiffs in error urge here that the commission was without jurisdiction and that the circuit court, in affirming a decision of the Industrial Commission, entered an order in excess of its power and jurisdiction. This is the pivotal question in the case.

The application of February 6, 1941, was filed under section 31 of the act, to recover the amount of the award Cloud recovered against his employer, Hall. In the first proceeding plaintiffs in error were made parties and the order awarding compensation to defendant in error against his employer, John Hall, dismissed the case against them and all respondents other than Hall.

Under section 31 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1945, chap. 48, par. 168,) anyone who engages in any business or enterprise which brings him within the act is liable to pay compensation to the employee of a contractor or subcontractor engaged by him who fails to carry compensation insurance, or guarantee his liability to pay as an employer of the injured employee.

Section 24 of the act prescribes the limit of time in which an action may be brought to fix liability for accidental injuries and, in so far as applicable to the present inquiry, provides as follows: "Provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred." The filing of claim for compensation under the Workmen's Compensation Act is jurisdictional and a condition precedent to the right to maintain a proceeding under the act. *City of Rochelle* v. *Industrial Com.* 332 Ill. 386; *Inland Rubber Co.* v. *Industrial Com,* 309 Ill. 43; *Ideal Fuel Co.* v. *Industrial Com.* 298 Ill. 463; *Central Locomotive and Car Works* v. *Industrial Com.* 290 Ill. 436.

Whether a claim has been made within the limits of section 24 is a question of fact to be determined like any other similar question. (*Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43.) Defendant in error argues that as this claim was filed February 6, 1941, and Hall made his last payment on the award secured against him on November 9, 1940, it was filed within one year from the date of the last payment of compensation, and since Becker, the arbitrator, testified on an *ex parte* hearing before the commission on the present claim that he did not pass on questions arising under section 31, *i.e.,* the liability of plaintiffs in error because Hall had failed to carry compensation insurance, there is here no question of *res judicata.* Becker did so testify, but whether he in fact and legal effect passed upon such issue is to be determined from the record. All parties including plaintiffs in error were before him when the matter was presented to him on the first application for compensation. Hall at that hearing testified that on the date of the injury he carried no compensation insurance. Notwithstanding this information the motion of plaintiffs in error to dismiss was allowed and the claim was dismissed as to them. With knowledge of these facts no review of the arbitrator's decision was sought and it became final. This was an adjudication as to any liability of plaintiffs in error under section 31 of the act.

It follows that when the petition herein was filed, nearly four years after the claimed accidental injury, the Industrial Commission did not have jurisdiction, and the circuit court did not have jurisdiction to confirm its award.

The judgment of the circuit court is reversed and the award set aside.

*Judgment reversed; award set aside.*