(No. 3854—

Iva Belle Benner, Claimant, vs. State of Illinois, Respondent.

*Opinion filed January 14, 1947.*

A. C. Lewis, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

On February 25, 1942 the above named claimant through her attorney filed an application for benefits under the Workmen's Compensation Act.

The complaint alleged that on or about the 2nd day of January 1941, claimant was injured by reason of an accident arising out of and in the course of her employment at the Chicago State Hospital, 6500 Irving Park Road, Chicago, Illinois.

On November 10, 1943 after due notice had been served on the attorney for the claimant, the above claim was dismissed for want of prosecution and on January 12, 1944 a motion of claimant to vacate the above order dismissing said case was denied for lack of proper showing on the part of said claimant.

On December 2, 1943 claimant filed a petition for reinstatement of said cause heretofore dismissed for want of prosecution. On December 8, 1943, respondent filed its answer thereto and on January 12, 1944 claimant's motion to reinstate said cause was denied by this Court.

On May 25, 1944 claimant, through her attorney, filed a new claim alleging the same facts as contained in the original complaint. This claim was filed under the Limitation Act, Chapter 83, Paragraph 24a, Illinois Revised Statutes. The Attorney General filed a motion on behalf of respondent to dismiss this complaint alleging that the statute of limitation relied upon by said claimant (Section 83, Paragraph 24a) does not apply to cases under the Workmen's Compensation Act.

Section 8 of an Act to create the Court of Claims, and to prescribe the powers and duties, approved July 17, 1945, provides:

The Court shall have jurisdiction to hear and determine the following matters:

D. All claims against the State for personal injuries or death arising out of and in the course of the employment of any State employee and all claims against the Board of Trustees of the University of Illinois for personal injuries or death suffered in the course of, and arising out of the employment by The Board of Trustees of the University of Illinois of any employee of the University, the determination of which shall be in accordance with the substantive provisions of the Workmen's Compensation Act or the Workmen's Occupational Diseases Act, as the case may be.

It is to be noted that this Court under this section of the law, creating this Court, is directed to determine questions arising under the Workmen's Compensation Act by applying the substantive provisions of the Act.

Section 24 of the Act prescribes the limit of time in which an action may be brought to fix liability for accidental injuries and, in so far as applicable to the present inquiry, provides as follows:

"Provided, that in any case unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such applications shall be barred." The filing of a claim for compensation under the Workmen's Compensation Act is jurisdictional and a condition precedent to the right to maintain a proceeding under the act. *Black* vs. *Industrial Commission,* 393 Ill. 187.

This complaint shows on its face that it was filed in this Court more than three years after claimant's alleged injury, therefore, this Court is without jurisdiction to

hear and determine the issue raised by this complaint.

For the reasons assigned the motion of the Attorney General to dismiss is hereby allowed.

Complaint dismissed.