(No. 30564.—

CARNEGIE-ILLINOIS STEEL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANGELA JACHIM *et al.,* Defendants in Error.)

*Opinion filed November 18, 1948.*

KNAPP, CUSHING, HERSHBERGER & STEVENSON, of Chicago, (HARLAN L. HACKBERT, and JOSEPH L. EARLYWINE, of counsel,) for plaintiff in error.

ELMER A. JOHNSON, (CHARLES D. SNEWIND, of counsel,) both of Chicago, for defendants in error.

Mr. JUSTICE DAILY delivered the opinion of the court:

On March 1, 1943, Dominic Jachim, now deceased, a foundry worker employed by Carnegie-Illinois Steel Corporation, the plaintiff in error here, filed an application for adjustment of claim under the Workmen's Occupational Diseases Act, alleging that on January 15, 1942, he was last

exposed to an occupational hazard arising out of and in the course of his employment, and that on September 15, 1942, he became disabled from silicosis. At the hearing before the arbitrator the application was amended to show the date of disablement to be January 15, 1942. On September 7, 1943, the arbitrator awarded Jachim compensation for total permanent disability. While the cause was pending for review before the Industrial Commission, Jachim died, and on July 27, 1944, his widow, Angela, and a minor child, the defendants in error here, were granted leave to file an amended claim for adjustment. This claim stated that both the last exposure and disablement occurred on January 15, 1942. At the hearing on review, on motion of defendants in error and over objection of plaintiff in error, the commission allowed such claim to be amended to show the date of disablement to be September 15, 1942. The commission then sustained the award of the arbitrator and on *certiorari* the superior court of Cook County affirmed the decision of the commission. We have granted a writ of error for further review.

We are confronted with but one issue. When did the date of disablement occur within the meaning of the Workmen's Occupational Diseases Act, January 15, 1942, or September 15, 1942? It is conceded that if the disablement occurred on the earlier date, the application for adjustment was not filed within a year from the date of disablement as prescribed by the act. Ill. Rev. Stat. 1941, chap. 48, par. 172.24.

The facts, insofar as they relate to this issue, are as follows: Dominic Jachim was first employed by plaintiff in error in 1932, and for a period of ten years worked at various jobs in and around a foundry. His work was without incident until January 15, 1942, on which date he suffered a hemorrhage at his place of work shortly after quitting time. He was taken home where he suffered another hemorrhage and a doctor was summoned. As a

result of X rays taken in February, 1942, his illness was diagnosed by plaintiff's in error's examiners as pulmonary tuberculosis. Further X rays were taken in June, 1942, and physicians employed by Jachim diagnosed his ailment as being silicosis and tuberculosis. Medical witnesses for both sides agree that only the lower portion of one lung was affected at that time. Jachim was treated at his home until July 24, 1942, on which date he went to a hospital for further treatment. On September 10, 1942, he was released from the hospital as "improved." He went to his home but was still under the care of a physician named Fuhrman. On September 15, 1942, Jachim presented himself at the plaintiff in error's employment office and asked to be returned to his previous employment. He had a letter from Dr. Fuhrman, but neither the letter nor its contents were introduced in evidence at the hearing, thus what it contained is only speculative and of no value to this determination. The employing officer refused to allow Jachim to return to his work until X rays were taken of his chest. The pictures were taken, and, evidently as a result of what they disclosed, Jachim was denied employment. Neither the X rays nor their contents were divulged at the trial. It is shown that Jachim remained at his home until February 23, 1943, at which time he returned to the hospital where he remained till his death, June 28, 1944. His application for adjustment of claim was filed March 1, 1943. Jachim had performed no work for plaintiff in error or anyone else since January 15, 1942, nor had he received compensation in any manner. The employer, the plaintiff in error in this court, contends that the date of disablement was January 15, 1942, while defendants in error claim that disablement did not occur until September 15, 1942, the date on which plaintiff in error refused to allow Jachim to return to his employment.

The present Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1947, chap. 48, pars. 172-1 to 172.35, inclusive,)

became effective October 1, 1936. We have not heretofore been called upon to consider the word "disablement" as used in the act, in the light of facts such as those presented here. Section 5 of the act, (Ill. Rev. Stat. 1941, chap. 48, par. 172.5,) defines "disablement" as follows: " 'Disablement' means the event of becoming disabled from earning full wages at the work in which the employee was engaged when last exposed to the hazards of the occupational disease by the employer from whom he claims compensation, or equal wages in other suitable employment; and 'disability' means the state of being so incapacitated." Another paragraph of the same section provides: "No compensation shall be payable for or on account of any occupational disease unless disablement, as herein defined, occurs within one (1) year after the last day of the last exposure to the hazards of the disease, except in cases of occupational disease caused by the inhalation of silica dust or asbestos dust and, in such cases, within three (3) years after the last day of the last exposure to the hazards of such disease." Section 24 of the act, (Ill. Rev. Stat. 1941, chap. 48, par. 172.24,) provides in part: "No proceedings for compensation under this Act shall be maintained unless notice has been given to the employer of disablement arising from an occupational disease as soon as practicable after the date of disablement. * * * Notice of the disabling disease may be given orally or in writing; provided, no proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six (6) months after the occurrence of the disablement from the occupational disease; provided further, that in any case, unless application for compensation is filed with the industrial commission within one (1) year after the date of disablement, where no compensation has been paid, or within one (1) year after the date of the last payment of compensation where any has been paid, the right to file such application shall be barred:" etc.

From the foregoing it may be seen that the statute clearly, and without reservation, describes "disablement" as the event of becoming disabled from earning full wages in the employment which exposed the employee to the occupational disease, or from earning equal wages at other employment. This court, previous to the adoption of the present statute, arrived at a like test for the date of "disablement" in the case of *Madison* v. *Wedron Silica Co.* 352 Ill. 60. In the instant case Jachim last earned any wage at all on January 15, 1942; he did not work at other employment, nor did he draw compensation of any nature. Defendants in error take the position that while "a" disablement occurred on January 15, 1942, "final" disablement did not occur until September 15, 1942, when Jachim was not allowed to return to his employment with the plaintiff in error. We find nothing in the statute, by which we are bound, upon which such a distinction between "a disablement" and "final disablement" could be made. It is true that the statute, recognizing the slow development and insidiousness of silicosis and asbestosis, has provided additional time within which the employee may become entitled to compensation for disability caused by those diseases. Likewise the provisions for notice to the employer have been made flexible in that notice may be given orally or in writing, and be given as soon as practicable after the date of disablement. (See, *Raymond* v. *Industrial Com.* 354 Ill. 586.) In every instance, however, by the terms of the act, the determination of the event of disablement is the same, *i.e.*, the date on which the employee became disabled from earning his wages or equal wages at some other work. As previously indicated, section 24 provides that where no previous compensation has been paid, application must be filed within one year after the date of disablement. The facts of the present case show that Jachim was disabled from earning full wages at his hazardous employment, or equal wages at other employment, on January

15, 1942; his application for adjustment of claim was not filed until March 1, 1943, approximately thirteen and one-half months later. The filing of a claim for compensation in apt time under the act is jurisdictional and a condition precedent to the right to maintain a proceeding under the act. (*Black* v. *Industrial Com.* 393 Ill. 187; *City of Rochelle* v. *Industrial Com.* 332 Ill. 386.) The claim was thus barred by the limitation of section 24 and the Industrial Commission did not have jurisdiction, nor did the superior court have jurisdiction to confirm its award.

The judgment of the superior court is reversed and the award set aside.

*Judgment reversed; award set aside.*