(No. 4155

FRANK LEWANDOWSKI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1949.*

FRANK LEWANDOWSKI, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

DELANEY, J.

On December 29, 1948, the above named claimant through his attorney, filed an application for benefits under the Workmen's Compensation Act.

The complaint alleged that on or about April 22, 1947, claimant was injured by reason of an accident arising out of and in the course of his employment with the Division of Highways of the State of Illinois.

On the 23rd day of June, 1949, John R. Lamb, attor-

ney of record for claimant herein, withdrew his appearance in this cause.

Record consists of the complaint and a motion to dismiss filed by the Attorney General.

Section 24 of the Workmen's Compensation Act prescribes the limit of time in which an action may be brought for liability for accidental injury and, insofar as is applicable to the present injury, provides as follows:

"Provided, that in any case unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such applications shall be barred."

The filing of a claim for compensation under the Workmen's Compensation Act is jurisdictional and a condition precedent to the right to maintain a proceeding under the Act. *Black* vs. *Industrial Commission*, 393 Ill. 187.

This complaint shows on its face that it was filed in this court more than one year after claimant's alleged injury; therefore, this court is without jurisdiction to hear and determine the issues raised by this complaint.

For the reasons assigned, the motion of the Attorney General to dismiss is hereby allowed.

Complaint dismissed.