(No. 4245)

Hans A. Hexdall, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed April 18, 1950.*

Root & Hoffman, Attorneys for Claimant:

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Lansden, J.

On November 23, 1949, claimant, Hans A. Hexdall, filed his complaint under the Workmen's Compensation Act, seeking to recover for permanent partial disability, as a result of an accident arising out of and in the course of his employment with the Department of Public Works and Buildings, Division of Highways.

The accident allegedly occurred on December 10, 1947, and the complaint, in part, states as follows:

(d) State whether medical, surgical and hospital treatment were furnished by Respondent, and if so to what extent: Respondent has furnished medical and hospital treatment to claimant up to present date. (November 21, 1949) . . . . . . .

(f) Amount of payments, if any, received from Respondent during period of Claimant's disability; and any other action taken by Respondent: Claimant didn't lose a day's pay. Went back on job one month after accident. Discharged March 15, 1949.

On the basis of the allegations in the complaint, especially those above quoted, respondent has filed a motion to dismiss, asserting that claimant has filed his complaint too late and that, therefore, this Court is without jurisdiction to entertain it.

Because Section 8D of the Court of Claims Act pro-

vides that this Court shall determine all claims for personal injuries or death arising out of and in the course of employment of any State employees in accordance with the substantive provisions of the Workmen's Compensation Act, claimant argues that Section 24 of the latter act is procedural and not substantive. Therefore, this Court is governed not by said Section 24 with its one-year limitation but by the two-year limit in Section 22 of the Court of Claims Act.

Claimant cites two cases which hold that Section 24 of the Workmen's Compensation Act is procedural and not substantive. *Diamond T Motor Car Co.* v. *Ind. Com.*, 378 Ill. 203; *Hilberg* v. *Ind. Com.*, 380 Ill. 102. With the holding of those cases, there can be no disagreement.

But what claimant has failed to perceive is that any distinction between procedure and substance in so far as this case is concerned is immaterial. What is really involved is the jurisdiction of this Court to hear this case.

Section 22 of the Court of Claims Act reads as follows:

"Every claim cognizable by the court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the clerk of the court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues two years from the time the disability ceases."

It is settled beyond any further argument that said Section 22 is jurisdictional and that unless a claim is filed within the time prescribed therein this Court has no jurisdiction of the case. *Ross* v. *State*, 16 C.C.R. 116; *Schuemann et al., etc.,* v. *State*, 17 C.C.R. 132; *Brown* v. *State*, 17 C.C.R. 79. In this Court, failure to file a complaint in time is not a matter of affirmative defense, failure to plead which may result in a waiver thereof.

Rule 32 of the rules of this Court reads identically

with said Section 22 except that after the word "law" appears an asterisk which refers to the following explanatory statement: "See limitation provisions of specific statutes, including Workmen's Compensation and Occupational Diseases Act."

Section 24 of the Workmen's Compensation Act provides a one-year limitation for filing claims. It has uniformly been held to be jurisdictional in numerous cases of which *Black* v. *Ind. Com.,* 393 Ill. 187, is one.

Said Section 24 applies to this Court and operates to reduce the period prescribed in said Section 22 if the facts warrant it, and is likewise jurisdictional. *Scott* v. *State,* 12 C.C.R. 163; *Britt* v. *State,* 16 C.C.R. 114; *Stallard* v. *State,* 16 C.C.R. 78; *Stuenkel* v. *State,* 16 C.C.R. 34; *Rathje* v. *State,* 16 C.C.R. 177; *Clark* v. *State,* 17 C.C.R. 117; *Domianus* v. *State,* 17 C.C.R. 197.

In this case, claimant was injured on December 10, 1947. Conceding that respondent had notice of the accident within 30 days and that the payment of his full salary with such knowledge constituted a payment of compensation for the period claimant was unable to work, such compensation payments ceased not later than January 15, 1948. Said Section 24 grants a claimant one year from the date of the last payment of compensation within which to file his claim. By delaying until November 23, 1949, to file his claim, this claim comes much too late.

The furnishing of first aid, medical and surgical services by respondent is of no benefit to claimant, for, by Section 8 (a) of the Workmen's Compensation Act, "the furnishing of any such services . . . by the employer shall not be construed as the payment of compensation."

Upon the authority of the above cited decisions of this Court, which we follow, we held that, claimant having

174

filed his complaint more than one year after the date of the last payment of compensation, this Court is without jurisdiction to hear it.

This opinion has been extended to some lengths primarily for the purpose of demonstrating the uniformity with which this Court has passed upon the questions involved. Almost every volume of the Court of Claims Reports contains cases deciding the questions as decided herein.

The motion of respondent to dismiss must be and is hereby sustained.

Case dismissed.