(No. 38341.—

LAKE STATE ENGINEERING Co., Appellant, *vs.* THE INDUS-TRIAL COMMISSION *et al.*—(ANTON ZUPAN, Appellee.)

*Opinion filed Sept. 29, 1964.—Rehearing denied Nov. 23, 1964.*

Sweeney and Riman, (Gerald O. Sweeney, of counsel,) for appellant.

Horwitz and Anesi, of Chicago, (Sidney Z. Karasik, of counsel,) for appellee.

Mr. Justice Hershey delivered the opinion of the court:

The Lake State Engineering Company filed its petition for writ of error for review of an order of the circuit court and of the Industrial Commission finding that Anton Zupan, hereafter referred to as employee, sustained accidental injuries at Muncie, Indiana, on the 12th day of February, 1960, while he was an employee of the petitioner, and awarding him 46 weeks of temporary total disability at $48 per week, and $48 per week for 110 weeks for permanent injury. The evidence at the hearing disclosed that the injuries sustained on February 12, 1960, caused the loss of the use of the right leg to the extent of 35% and of the use of the left leg to the extent of 25%.

The employer, the petitioner herein, filed its petition for review, and the case was argued orally before the Industrial Commission, which affirmed the decision of the arbitrator. The circuit court, on *certiorari* filed by the employer, affirmed the decision. From this decision the employer filed its petition for writ of error.

The employee claims he fell on his back while working at the Navy Pier in Chicago on July 15, 1959, while working for the employer. He saw a physician thereafter, lost three days from his work and then continued to work although he suffered pain in his back and legs.

He also claims that on February 12, 1960, while he was lifting outrigger pads for the same employer in Muncie, Indiana, he felt a severe pain in his back as he bent over.

He left the employment of his employer on March 16, 1960. Whereupon his employer began to pay weekly compensation benefits of $48. Surgery was performed on his back on April 1, 1960.

The employee, on December 27, 1960, filed an application for adjustment of claim with the Industrial Commission, alleging an accidental injury to his back and legs on July 15, 1960, at Navy Pier. On January 30, 1961, the employer issued the last check as compensation in the amount of $48 which was received and paid on February 7, 1961. On March 21, 1961, an amended application for adjustment of claim was filed, under the same Industrial Commission number, changing the date of the accident to July 15, 1959.

On February 19, 1962, the employee appeared before an arbitrator of the Illinois Industrial Commission and moved for leave to amend the amended application for adjustment of claim on its face. Over the objection of counsel for the employer leave to amend was granted and the amended application for adjustment of claim was then amended by substituting February 12, 1960, as the date of the accident and by alleging for the first time that the accident occurred in Muncie, Indiana.

Section 6(c) of the Workmen's Compensation Act provides that unless an application for adjustment of claim is filed within a year after the date of accident, where no compensation has been paid, or within one year after the last payment of compensation, where any has been paid, the right to file such application is barred. The employer contends that inasmuch as more than a year had elapsed since payment of compensation at the time when the employee appeared before the arbitrator and moved for leave to file amended application for adjustment of claim, (February 19, 1962) the right to file such application is barred, citing *Railway Express Agency* v. *Industrial Com.* 415 Ill. 294. The employer raised the question of limitation to the

motion to amend the amended application and expressly stated at the hearing before the arbitrator that it did not waive this defense by participating in the hearing. The employer contended that the arbitrator first should hear and determine only the evidence germane to the limitation question before going into the other issues. The employer further argued that the application for adjustment must reasonably describe the occurrence and that the amendment of February 19, 1962, described for the first time a separate and different transaction from that described in the original and amended application, and occurred in a different State as well. To this contention the counsel for the employee replied that the proof would show an accident in July, 1959, and also a subsequent accident which aggravated the same condition for which the original claim was filed.

The arbitrator thereupon made a statement that the ruling on limitation would be reserved until after the conclusion of the evidence and advised the attorney for the employer that he could renew his objection at the end of the testimony, and that the employee's rights would likewise be reserved. Also, the arbitrator stated that participation by the employer would not waive his objection that the employee's

A stipulation was thereupon entered into by the parties as follows: that the employer was under the act; that an employment relationship existed between the parties; that the employee earned $8320 during the preceding year; that he had two children under 18; that the employer provided medical services and paid $2208 at the rate of $48 per week from March 16, 1960 to January 31, 1961.

The questions which remained in dispute were whether on February 12, 1960, the employee sustained accidental injuries which arose out of and in the course of his employment, whether notice of said alleged accident was given the employer within the time required under the provisions of said act, and the nature and extent of the alleged injury.

The employer here contends, and there is no other dis-

pute between the parties, that the application for compensation must be filed with the Industrial Commission within one year after the date of the accident where no compensation has been paid, or within one year after the date of the last payment of compensation, when compensation has been paid, in order that such application shall not be barred. *Burke* v. *Industrial Com.* 368 Ill. 554; *Black* v. *Industrial Com.* 393 Ill. 187.

The employee also cites the case of *Railway Express Agency* v. *Industrial Com.* 415 Ill. 284, which reiterates the foregoing rule, but says the same may be waived when no objection is interposed to the amendment.

It is clear therefore that, unless there is a waiver of the defense, the provisions of section 24 (now section 6) of the Workmen's Compensation Act will bar the filing of an adjustment of claim unless it is filed within the statutory period.

Neither of the parties takes exception to the foregoing, but the difference between them seems to be that the employer contends that the claim here is barred because the employee claimed and established by factual and medical testimony that he sustained injuries on February 12, 1960, at Muncie, Indiana, which resulted in disability of the lower extremities. It is stipulated that the last payment of compensation was received and paid on February 7, 1961.

The employee, however, undertook to and did amend, over the objection of the employer, the original amended petition by alleging that the injury in question here took place on February 12, 1960, at Muncie, Indiana, and contends that as a result the statutory period of one year had not expired. It is the legality and effect of this amendment that is the chief difference between the parties hereto.

The contention of the employer is that the second amended petition relates to a new and separate injury to the same employee, and that no recovery for that can be had on the original amended petition. The employee contends that

there is only one injury, which the original amended petition set forth and that the recovery here sought is for an aggravation of that injury which took place on February 12, 1960, at Muncie, Indiana. Therefore, it is contended that the limitation of the statute did not run against the recovery sought here. The employee also contends that even though the amendment to the amended petition did set forth an injury unrelated to his first injury and although an objection to the amendment was made in this proceeding, the employer failed to follow up said objection and waived the same.

The employee insists that the accident of February 12, 1960, precipitated and aggravated the pre-existing injury which claimant sustained in Chicago while working for the same employer on July 15, 1959. In support of this contention attention is directed to the testimony of Dr. Ruben, as follows: "It is my opinion that a causal relationship could exist between the incident of February 12, 1960, and the present condition of ill-being. * * * The basic pathology could have been incurred earlier, in July of 1959." Dr. Schnute also testified on behalf of the employer that "Trauma superimposed on a susceptible back such as this could aggravate and cause the condition to flare up," and in his opinion that is what occurred in this case.

In reply to the foregoing the employer contends that the language of section 6(c) bases time calculations upon the date of accident, and it is no concern whether the accident resulted in a new injury or aggravated an old one. Also, that the second amended petition here appears to describe a new occurrence rather than to amend the original application.

The employer calls attention to the medical testimony referred to by the employee who contends that the evidence discloses that the injury alleged to have occurred on February 12 precipitated and aggravated the pre-existing injury; on the contrary the employer contends that it shows that the alleged injury on February 12 arose from a separate

and different transaction from that described in the original and amended applications. In our opinion the latter is a correct interpretation of the testimony and helps to establish that the occurrence on February 12, 1960, was a new injury, and a recovery therefrom cannot be had on the original petition or any amendment thereto. This claim arising out of a wholly different accident, and being more than one year after termination of benefit payments, was barred by the provisions of the statute.

It is also contended by the employee that the employer waived the objection that the application was barred by the limitation statute. It is undisputed that the employer did specifically urge the statute when the cause came before the arbitrator and that he especially contended that the limitation be decided before proceeding with the hearing on its merits. He also contends that the arbitrator, without request, gave to the employer the assurance that its further participation in the proceeding, or in the stipulation before the limitation question was decided, would not constitute a waiver to its objection. The question of limitation was a continuing one in the proceeding. It was argued before the Industrial Commission on oral argument and was one of the questions presented to the Industrial Commission on review from the decision of the arbitrator, and at no time was waived by the employer. Therefore, the application as amended was barred by statute. The order of the circuit court affirming the award of the Commission is reversed and the application is dismissed as barred by the provisions of the Workmen's Compensation Act.

*Judgment reversed.*