(No. 39949.—<span style="background:black">     </span>

CHICAGO RAWHIDE MFG. Co. Appellee, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(Loveta Mathews, Appel-
lant.)

*Opinion filed November 14, 1966.*

BERRY & SIMMONS, of Rockford, for appellant.

MILLER, THOMAS, HICKEY & COLLINS, of Rockford,
(WILLIAM E. COLLINS, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

An arbitrator of the Industrial Commission made an
award of compensation to the claimant, Loveta Mathews,
against her employer, Chicago Rawhide Mfg. Co. The
commission confirmed the award, but it was set aside by
the circuit court of Winnebago County, and the claimant
has appealed. The issue concerns the jurisdiction of the
commission to reinstate a claim that has been dismissed
for want of prosecution.

The claim was dismissed by an arbitrator on September 28, 1962. The claimant's attorney received notice of the dismissal order on October 30, 1962. He did not file a petition for review of that order, but on November 28, 1962, he filed a petition for reinstatement which the commission allowed. Thereafter, evidence was heard and the award was entered. Neither the merits of the claim nor the amount of the award is disputed.

It is not suggested that the commission improperly exercised its discretion in reinstating the claim. Rather, the contention is that the commission lacked jurisdiction to act upon the petition for reinstatement. This contention is based upon section 19(b) of the statute, (Ill. Rev. Stat. 1965, chap. 48, par. 138.19(b),) which provides: "The decision of the Arbitrator or committee of arbitration shall be filed with the Commission which Commission shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed. Unless a petition for review is filed by either party within 15 days after the receipt by said party of the copy of said decision and notification of time when filed, * * * then the decision shall become the decision of the Commission and in the absence of fraud shall be conclusive."

On the assumption that the order dismissing the case for want of prosecution was a "decision" within the meaning of the statute, the employer argues that because a petition for review was not filed within 15 days, the commission was without jurisdiction to enter the order of reinstatement and proceed to the merits of the case. *Black* v. *Industrial Com.* 393 Ill. 187, is relied upon to support this argument. That case, however, involved an arbitrator's unreviewed determination on the merits, and not a dismissal for want of prosecution.

It is clear from its rulings in this case and in *Mayrath Co.* v. *Industrial Com.* 33 Ill.2d 224, that the commission

has not regarded a dismissal for failure to respond upon the trial call as a "decision" within the meaning of section 19. We agree with this reading of the statute. In ordinary litigation a court has discretion to set aside any default before final judgment, and to set aside a final judgment on a motion filed within thirty days after the entry of judgment. (Ill. Rev. Stat. 1965, chap. 110, par. 50(6).) The interpretation which the employer urges is not compelled by the language of the statute, and it would impose upon claims resulting from industrial injuries more rigid default rules than are applicable in other proceedings.

The judgment of the circuit court is reversed and the award of the commission is confirmed.

*Judgment reversed; award confirmed.*