(No. 47441.—

JOHN J. MATTINGLY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Sievert Electric Company *et al.*, Appellees.)

*Opinion filed January 26, 1976.—Rehearing denied March 25, 1976.*

John J. Mattingly, of Chicago *pro se.*

Kane, Doy & Harrington, of Chicago (Arthur O. Kane, of counsel), for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The arbitrator had held that an employee's claim for compensation was not filed within the time required by statute. The Industrial Commission affirmed the decision of the arbitrator, and the circuit court confirmed the decision of the Commission.

At the outset, we note that claimant proceeded *pro se* although the arbitrator had urged that he retain an attorney to represent him. As a result, much of the evidence adduced at the hearing is irrelevant and confusing.

Claimant, John J. Mattingly, contends that on September 7, 1965, he became disabled while working for Sievert Electric Company. In his application for compensation under the Workmen's Occupational Diseases Act filed on July 16, 1971, claimant alleged that while working as a sales engineer selling electric machines, elevator hoists, air conditioning and oil refining services, he was exposed to various fumes.

On March 3, 1972, respondent Sievert Electric Company filed a motion to dismiss the application on the basis that it was not filed within a year after the claimed disablement or within one year after the last payment of compensation. After a hearing, the arbitrator ruled that the application for adjustment had not been timely filed.

The Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1971, ch. 48, par. 172.41(c)) provided:

"In any case, *** unless application for compensation is filed with the Commission within one year after the date of the disablement, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred."

We agree that the provisions of this statute bar the claimant's application for adjustment. The alleged disablement occurred on September 7, 1965; the application for adjustment was filed July 16, 1971. Clearly this does not comply with the provisions of the statute, and the claim was barred. *Carnegie-Illinois Steel Corp. v. Industrial Com.,* 401 Ill. 382; 37 Ill. L. & Pr. *Workmen's Compensation,* sec. 313 (1958).

Claimant does not set forth grounds that excuse his untimely filing. There is no evidence in the record that claimant received any compensation or insurance payments within one year prior to the filing of the application for adjustment. Nor is there any evidence of conduct on the part of the employer or an insurance company that would constitute waiver or estoppel. See *Pope v. Industrial Com.,* 53 Ill.2d 560.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*