PETER W. CABI, Plaintiff-Appellee, *v.* THE INDUSTRIAL COMMISSION, Defendant.—(LABORAMA, INC., Defendant-Appellant.)

First District (4th Division)    No. 62828

Opinion filed June 23, 1976.

Bernard Davis, of Chicago (Richard A. Ginsburg, of counsel), for appellant.

Richard D. Price, of Chicago, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Peter W. Cabi, brought this action under the Workmen's Compensation Act to recover for injuries allegedly sustained while in the employment of defendant, Laborama, Inc. (Laborama). After judicial review before the circuit court and remandment to the Industrial Commission, plaintiff ultimately prevailed. In this appeal Laborama seeks to set aside an order of the circuit court denying its petition for relief under section 72 of the Civil Practice Act. The trial court denied the petition without consideration of the merits on the basis that section 19 of the Workmen's Compensation Act precludes resort to such proceedings. From that determination Laborama appealed directly to the Illinois Supreme Court which transferred the cause to this court for resolution.

The sole issue before us on appeal is whether section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) can be utilized to obtain relief from final orders of the circuit court in Industrial Commission proceedings.

Briefly, the pertinent facts are as follows. On March 27, 1972, the claimant, Peter W. Cabi (Cabi), filed an action in the circuit court in

accordance with section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(f)) seeking judicial review of an adverse decision of the Illinois Industrial Commission. On March 5, 1974, the case was called on the regular progress call. Cabi failed to appear and the cause was dismissed for want of prosecution.

Shortly thereafter, Cabi filed a motion to vacate the dismissal order and reinstate the cause. Notice of said motion was served upon Lewis P. Gaines as the attorney for defendant, Laborama. The trial court granted the motion *ex parte* on March 20, 1974, and set the matter for a hearing on April 16, 1974. On that date the trial court conducted an *ex parte* hearing at which it reversed the decision of the Industrial Commission and remanded the matter to the Commission for further consideration.

Pursuant to the remandment, the Industrial Commission sent a notice of hearing on May 10, 1974, to Cabi's attorney and to Lewis Gaines as attorney for Laborama. On that date counsel for Cabi appeared, but no one appeared for Laborama. The Commission took the matter under advisement, and on July 17, 1974, issued its decision in favor of Cabi pursuant to the order of remandment.

On November 18, 1974, Laborama filed a verified petition seeking relief under section 72 of the Civil Practice Act. It is this petition upon which the instant appeal revolves. In its petition Laborama alleged in pertinent part as follows: that the March 20, 1974, order of the circuit court vacating the dismissal of the cause was entered without notice to it; that it was not aware of further proceedings until the matter again was before the Industrial Commission; that it has a meritorious and valid defense to Cabi's claim in that Cabi was not in its employment at the time of the accident, nor did the injury occur within the course of employment; and that it appeared that in July, 1974, an award had been entered against it and it had received no notice nor had been a party to any proceedings since 1972.

Laborama subsequently amended its section 72 petition to include additional allegations as follows: that notice of Cabi's motion to vacate the March 5, 1974, dismissal of the cause was sent to an attorney who had never filed an appearance in the circuit court on its behalf in this matter; and that Cabi failed to send notice of said motion to any of the parties. Accordingly, Laborama prayed that the order vacating the dismissal of the suit be vacated and held for naught.

In response to Laborama's petition, Cabi contended that the circuit court can look only to the Workmen's Compensation Act to determine whether it has jurisdiction over the parties. In support of this contention Cabi cited section 19(f)(2) of the Act which provides in relevant part:

> "Judgments and orders of the Circuit Court under this Act shall be reviewed only by the Supreme Court upon the filing of a Notice of

Appeal * * * within 30 days after the entry of the order of that Court, or within 30 days from the disposition of a timely post-trial motion. The time herein provided for the filing of the Notice of Appeal shall be jurisdictional and shall not be subject to any extension. Except as herein provided, the appeal shall be subject to statute or rules of the Supreme Court." (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)(2).)[1]

Thus, Cabi argued that in cases such as this, section 72 relief may not be sought; for the procedure is regulated by section 19 of the Workmen's Compensation Act which renders inapplicable the provisions of the Civil Practice Act.

On January 9, 1975, the trial court denied Laborama's petition, holding that section 72 of the Civil Practice Act does not apply to workmen's compensation matters. The court further noted that it had no jursidiction since Laborama did not appeal within the 30 day statutory time limit provided in the Workmen's Compensation Act. From this final order, Laborama takes the instant appeal.

Initially, we note Cabi's apparent concession that if in fact the Workmen's Compensation Act does not preclude section 72 relief, Laborama has alleged facts sufficient to require a hearing on its petition. Certainly, no other position can be taken. The purpose of a section 72 proceeding is to bring before the court rendering judgment matters of fact not appearing of record which, if known at the time judgment was rendered, would have prevented its rendition *(Schuman v. Department of Revenue,* 38 Ill. 2d 571, 232 N.E.2d 732.) Had the court known that Laborama was not served with notice of Cabi's motion to vacate the dismissal, surely it would not have proceeded to hear the cause *ex parte.* We now address the particular issue on review.

The parties state that a clear cut factual situation involving the applicability of section 72 to this type of proceeding has not heretofore been presented to our reviewing courts. Accordingly, it is particularly important to examine the pertinent language of the Workmen's Compensation Act in order to ascertain the parameters of its procedural regulations. It is clear that the Act specifies a procedure for perfecting an appeal from the Industrial Commission to the circuit court and from the circuit court to the supreme court. As Cabi points out, appeals from the circuit court are regulated by section 19(f)(2) which broadly provides that said appeals shall be reviewed only by the supreme court and only upon

---

[1] The above quoted language in section 19 was eliminated by P.A. 78—1141, effective October 1, 1974, and the following was inserted in its place:

"Appeals shall be taken to the Supreme Court in accordance with Supreme Court Rule 302(a)." (See Ill. Rev. Stat. 1975, ch. 48, par. 138. 19(f)(2).)

the filing of a notice of appeal within 30 days after the entry of the circuit court order. The section further provides that said requirement is jurisdictional. But while the language of section 19(f)(2) is expansive, it is not without limitation; for the provision is constrained to effectuate the particular purpose of section 19(f).

Section 19(f) of the Workmen's Compensation Act states:

"The decision of the [Industrial] Commission acting within its powers * * * shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f).)

Thus, the applicability of section 19(f)(2) expressly is limited to decisions of the Industrial Commission. We must conclude, therefore, that it was not the intention of the Act to regulate appeals from orders of the circuit court independent of the merits of the controversy. If such a drastic intent were contemplated, it should and would have been unequivocally stated. This is particularly apparent in view of section 1 of the Civil Practice Act which provides:

"The provisions of this Act apply to all civil proceedings * * * except * * * proceedings in which the procedure is regulated by separate statutes. In all those proceedings the separate statutes control to the extent to which they regulate procedure, but this Act applies as to matters of procedure not so regulated by separate statutes." Ill. Rev. Stat. 1973, ch. 110, par. 1.

Through its petition Laborama plainly does not seek a general review of the litigation. It challenges solely the validity of a circuit court proceeding in which an order of dismissal was vacated allegedly without notice to it. The matter is entirely independent of any Industrial Commission determination, and accordingly is not regulated by section 19(f)(2) of the Workmen's Compensation Act. Therefore, we must conclude that the circuit court had jurisdiction to entertain Laborama's petition and erred in not so doing.

While there is a scarcity of case law involving the scope of section 19(f), what law there is uniformly confirms our position. For example, in *Chicago Rawhide Mfg. Co. v. Industrial Com.*, 35 Ill. 2d 595, 221 N.E.2d 289, the claimant's cause was dismissed by an arbitrator of the Industrial Commission for his failure to respond upon the trial call. The Workmen's Compensation Act provided as a jurisdictional requirement that decisions of the arbitrator must be appealed to the Industrial Commission within 15 days after notification of the decision. (Ill. Rev. Stat. 1965, ch. 48, par. 138.19(b).) The claimant did not file a petition for review of the dismissal order within 15 days, but rather petitioned the commission for reinstatement 29 days later. Our supreme court expressly rejected the

defendant's contention that the commission lacked jurisdiction to act upon the petition. The court stated:

> "It is clear * * * that the commission has not regarded a dismissal for failure to respond upon the trial call as a 'decision' within the meaning of section 19. We agree with this reading of the statute." (35 Ill. 2d 595, 596-97, 221 N.E.2d 289, 290.)

Certainly, if a dismissal by an arbitrator of the commission, itself, is not a decision of the commission, the instant case is beyond the reach of section 19(f). See also *Zisook v. Industrial Commission,* 347 Ill. App. 178, 106 N.E.2d 156 (abstract opinion).

In *Franklin v. Wellco Co.,* 5 Ill. App. 3d 731, 283 N.E.2d 913, *cert. denied,* 411 U.S. 932, 36 L. Ed. 2d 392, 93 S. Ct. 1901, the plaintiff obtained a judgment in the circuit court against the defendant for the amount of his unpaid Industrial Commission award. The circuit court further assessed attorneys' fees in favor of the plaintiff. After garnishment proceedings had been commenced, the defendant filed a section 72 petition challenging the propriety of the Industrial Commission award and the assessment of attorneys' fees against it. This court held that a section 72 petition cannot be used to contest an award of the Industrial Commission, since the manner of appeal is regulated exclusively by section 19. The court noted, however, that inasmuch as the attorneys' fees were assessed by the circuit court, itself, it had jurisdiction over that part of its judgment. Thus, the court held that a petition drawn under section 72 of the Civil Practice Act is a proper vehicle to reach judgments independent of an Industrial Commission decision.

For the foregoing reasons, we hold that the March 20, 1974, order of the circuit court vacating its dismissal of the cause for want of prosecution properly came within the application section 72, and that the court had jurisdiction to hear the issue presented.

The judgment of the circuit court is reversed, and the cause is remanded with directions to consider the merits of said petition as amended.

Reversed and remanded with directions.

JOHNSON, P. J., and DIERINGER, J., concur.