[No. 3575. Aug. 13, 1931.]

[Rehearing Denied Oct. 5, 1931.]

TAYLOR v. AMERICAN EMPLOYERS' INS. CO. OF BOSTON, MASS., et al.

[3 Pac. (2d) 76]

James W. Stagner and Caswell S. Neal, both of Carlsbad, for appellant.

H. B. Hamilton, of El Paso, Tex., for appellees.

## OPINION OF THE COURT

BICKLEY, C. J.

Under the Workmen's Compensation Law, appellant filed a claim for compensation for an injury suffered by him. A plea was filed by the appellee, insurer, wherein it was asserted that said claim was barred because filed too late. By amended petition and claim for compensation, and by way of avoidance of appellee's contention that the claim of appellant was barred, facts were alleged which we assume (though not deciding) withstand a demurrer presented thereto, to the effect that claimant was led by the representations of the appellee insurer to believe that payment of the claim was not refused, that it would be paid, and, relying upon such representations and belief, he did not file his claim within the time required by the statute.

To this amended claim, appellee insurer filed its plea in the form of a demurrer, contending: (1) That the claim for compensation of appellant was barred because not filed in time; (2) that the plea of avoidance did not state facts sufficient to toll the statute against the defendant insurer.

The matter was presented to the court upon the amended claim and the plea thereto, and the court sustained the plea, and, the appellant electing to stand, the court dismissed the claim of appellant.

Appellant states that the sole question on this appeal is whether or not matter alleged in avoidance of the bar stated facts sufficient to toll the statute requiring claim to be filed within the term designated or to estop appellee from pleading such statute as a defense and to permit recovery, notwithstanding the failure of appellant to file his claim within the period mentioned in the Compensation Act.

This really involves two questions. It is conceded that, if the doctrine of waiver or estoppel may not be invoked in respect to the limitations of time for taking certain steps by the injured workman, then the decision in Caton v. Gilliland Oil Co., 33 N. M. 227, 264 P. 946, 947, is controlling. In that case we said:

"An employer having knowledge of the injury, must, within 31 days after its occurrence, pay the first installment of compensation. If the employer fails or refuses so to do, the workman must, within 60 days thereafter, file his claim for compensation. If he does not, his claim, his right, and his remedy are forever barred."

This principle was adopted and the decision followed in Mumford v. State Highway Commission of N. M. et al., N. M. 404, 1 P. (2d) 115. In neither of those cases was the question of waiver or estoppel alleged to be present.

Coming then to this question, we find courts of other jurisdictions announcing the doctrine of the Caton Case in the face of claims of waiver and estoppel. The Circuit Court of Appeals of the Ninth Circuit in Rogulj v. Alaska Gastineau Mining Co. (April 2, 1923) 288 F. 549, 550 said:

"The right of action created by the Alaska act is wholly statutory, and must be accepted with all the conditions and limitations imposed by law. The service of notice of claim upon the employer within 120 days from and after the death of the employee is a limitation upon the right, and not a mere limitation upon the remedy. This requirement of the statute is absolute and unconditional. If the notice is not served, there is no right of action, and pleas of war conditions, waivers, and estoppels are of no avail. In re Murphy, 226 Mass. 60, 115 N. E. 40; In re Gorski, 227 Mass. 456, 116 N. E. 811; Poccardi v. Ott, 83 W. Va. 166, 98 S. E. 69; Industrial Commission v. Peppas, 71 Colo. 25, 203 P. 664; Petraska v. Nat. Acme Co., 95 Vt. 76, 113 A. 536; Georgia Casualty Co. v. Ward (Tex. Civ. App.) 220 S. W. 380;

Ohio Oil Co. v. Industrial Commission, 293 Ill. 461, 127 N. E. 743; Bement v. Grand Rapid & I. R. Co., 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322. There was, therefore no error in sustaining the demurrer to the affirmative reply."

We will not undertake to comment on all of the cases cited. Some of them arose where claimant had failed to give the notice of the accident or injury as provided by the statute and some of them pertained to the failure of the claimant to file his claim or bring an action within the time provided by the statute.

Under our statute the consequences of a failure in either particular is the same. Section 13 of chapter 83, Laws 1917 (which as amended in 1929 was carried forward as section 156-113, 1929 Comp.) provided:

"Any workman claiming to be entitled under this act to compensation from any employer on account of injury suffered by accident arising out of and in the course of his employment shall give notice in writing of such accident and of such injury to such employer within two weeks after the occurrence thereof, unless prevented by such injury or other causes beyond his control, and, if so prevented, as soon as the same may be reasonably done, and at all events not later than sixty days after such accident; Provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with which such injury occurred had actual knowledge of the occurrence thereof. Except in the case of such workman being prevented from giving notice by his injuries and in case where no notice is required no workman failing to give such notice within said two weeks after such injuries occurred shall be allowed to recover any compensation on account of such injury under any circumstances whatever for the period he shall remain in default in giving such notice. In event such employer shall fail or refuse to pay the compensation herein provided to such workman after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In event he shall *either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and hereby is forever barred."* (Italics supplied).

The question of notice to the employer of the injury is not involved in the case at bar.

The whole scheme of the Workmen's Compensation Act is designed to work out a speedy adjustment and payment of claims for industrial accidents in a summary and

simple manner. Section 13, chapter 83, Laws 1917. The act shall be construed as creating a new right and special procedure for the enforcement of the same. Section 5, chapter 83, Laws 1917, as amended, section 156-105, 1929 Comp. The act is remedial and to be liberally construed; but not unreasonably or contrary to legislative intent. Martin v. White Pine Lumber Co. et al., 34 N. M. 483, 284 P. 115. The public generally is affected by the act and its administration. Hughey v. Ware et al., 34 N. M. 29, 276 P. 27.

"The scheme is to charge upon the business through insurance, the losses caused by it, making the business and the ultimate consumer of its product, and not the injured employee, bear the burden of the accidents incident to the business. The statute contemplates the protection, not only of the employee, but of the employer, at the expense of the ultimate consumer."

Schneider, Workmen's Compensation Law, § 1.

In Petraska v. National Acme Co., cited supra, the court said:

"Full performance of the conditions of the act being essential prerequisites to the jurisdiction of the commissioner, his authority, and the statutory limitations upon the exercise of it, cannot be enlarged, diminished, or destroyed by express consent, or waived by acts of estoppel."

The case of Bement v. Grand Rapids & I. R. Co., 164 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322, is a case involving the failure to commence an action in time. In this decision the court answered a contention similar to that made by appellant in this case, namely, that the law and principles applying to the general statutes of limitations as to time for commencing actions should apply to the provisions of the Workmen's Compensation Act in question here.

The court said:

"The act in question creates a liability where none existed, and takes away defenses formerly available. Coupled with this enlargement of the liability of common carriers is the limitation that no action shall be maintained under the act 'unless commenced within one year from the time the cause of action accrued.' The ordinary statute of limitations confers upon a defendant the privilege of interposing a definite limitation of time as a bar to the enforcement of a liability existing independently of the statute defining the limitation. Such statutes, therefore, are merely limitations of the remedy. Statutes like the present are more. They

create a right of action conditioned upon its enforcement within the prescribed period. The Legislature, having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. 'The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * *. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are therefore to be treated as limitations of the right' [Citing cases],"

and quoted from an opinion of Judge Sanborn written for C. C. A. Eighth Circuit as follows:

"A statute which in itself creates a new liability gives an action to enforce it unknown to the common law and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. Such a statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. * * *"

The court proceeded:

"A positive distinction seems to be made between cases in which the limitation of time for bringing suit is contained in the statute which creates the liability and right of action and general statutes of limitations of the rights of action existing under other statutes or under the common law. In the former the limitation of time is a limitation of the right, and, as has been said, the suit cannot be maintained if not brought within the time limited. In the latter the limitation of time for bringing suit is a limitation of the remedy only, and it has been held that under such general statutes of limitation the defendant may be estopped from the benefit of the statute by an agreement waiving it, or by concealment or by fraud. The statute here in question creates a new liability, and takes away defenses formerly available, and the right of action therein created is conditioned upon its enforcement within a prescribed period."

The court decided:

"Fraudulent representations which prevent the bringing of an action under the Federal Employers' Liability Act within the time prescribed thereby will not extend the time for commencing the action."

The Supreme Court of Connecticut in a case decided January 27, 1931, Walsh v. A. Waldron & Sons, 112 Conn. 579, 153 A. 298, 300, said:

" 'The liability of an employer, * * * was not fixed by the simple fact of injury to the employee arising out of and in the course of his employment,' but the element of notice and the time within which it must be given, enter 'into the very essence of the injured party's claim and the extent of it. * * * The making of the claim and the time therefore are matters going to maintenance of the right of action. * * * Where a statute gives a right of action which does not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone. Being a limitation upon the right of action it must be strictly complied with.' [Citing cases.] The statute specifically forbids the maintenance of proceedings before the commissioner with four exceptions, unless the statutory notice of claim for compensation has been given, and the giving of this notice, and the time within which it must be given, become jurisdictional requirements. Not being merely a procedural matter, the doctrine of waiver, upon which the claimant relied, cannot avail, since jurisdiction cannot be waived, nor can it be conferred by agreement"—citing cases.

The court decided:

"Failure of claimant to give notice of compensation claim within one year precluded further relief under statute, notwithstanding strong equitable considerations, showing he relied upon employer's voluntary agreement to pay compensation."

The reader may find quotations from many other decisions to similar effect, collected in Pine v. State Industrial Commission (1931) 148 Okl. 200, 298 P. 276.

From all of the foregoing it appears that no error was committed by the district court. The judgment will therefore be affirmed and the cause remanded, and it is so ordered.

SADLER and HUDSPETH, JJ., concur.

WATSON and PARKER, JJ., did not participate.