**70 P.(2d) 150**

**NORVELL v. BARNSDALL OIL CO. et al.**

**No. 4289.**

Supreme Court of New Mexico.

July 10, 1937.

W. H. Patten, of Hobbs, for appellants.

John R. Brand, of Hobbs, for appellee.

BICKLEY, Justice.

The appeal seeks a review of a judgment of the district court rendered pursuant to provisions of the Workmen's Compensation Law (Comp.St.1929, § 156-101 et seq.). The judgment awarded recovery by appellee of compensation at the rate of $15 per week from January 13, 1936, on account of total disability suffered by him in the course of his employment, such sum per week to be so paid appellee during the continuance of his total disability, but for a period of not to exceed 550 weeks. By the judgment the defendants are permitted to require the plaintiff to submit to a physical examination at any reasonable time or times as provided by law in order to determine whether or not his disability has decreased or ceased, and being also permitted to apply to the court at any time for an order that they be relieved of liability for further payments of compensation or for the reduction in the amount of compensation payable.

Appellants have filed a motion asking this court to instruct and direct and empower the district court to take further testimony in the cause and to make findings and conclusions of law therefrom, touching the complete or partial recovery of appellee, and that all of the testimony so taken, together with the findings of fact and conclusions of law made by the district court, may be certified "so that it may become a part of the records and proceedings had in the above entitled cause, in order that all the matters may be fully determined by one hearing in this cause."

We are not favored with a brief in support of the motion nor one in resistance thereof, yet it appears that the matter is of sufficient interest to engage our consideration.

 The power reserved by the district court in his judgment is in accordance with the continuing jurisdiction residing in the court making the award to hear applications for diminution or termination of payment of compensation as the facts may warrant, as provided in section 156-124, N.M.S.A.1929. This continuing jurisdiction is commonly provided in workman's compensation acts, and the

exercise thereof is treated in 71 C.J. § 1381 et seq., of the article on Workman's Compensation Acts. At section 1396, it is said: "Except where a particular provision of the act authorizes, in the furtherance of justice between the parties, the correction of mistakes after the tribunal determining the compensation, if any, due an injured workman has once acted, it may not undo that which has been finally determined, nor deny the right of a party as established on appeal, even though based upon an incorrect view of the law.". It appears that ordinarily the exercise of the continuing jurisdiction alluded to depends upon a change in condition, and it is stated in the notes that change in condition of claimant since the award is the only question for determination, and such change in condition refers to conditions different from those existent when the award was made. Since it appears from the decisions that generally application to decrease or terminate compensation under a prior award not being an original proceeding is not affected by the provision of the act fixing the time within which original proceedings for compensation must be instituted and is not affected by the Code provision applicable to modification of judgments generally, and in the absence of controlling statute or rule may be presented at any time within the period for which compensation is allowable (71 C.J. p. 1446 et seq.), it would appear that it is contemplated by our statute that such applications may be made to the district court after an appeal has been taken for the purpose of reviewing the original award. It is true that it is stated broadly that upon an appeal being granted or a writ of error being sued out to review a judgment of a district court jurisdiction has been transferred from the district court to the Supreme Court. But there are exceptions, and the provisions of the Workman's Compensation Act cited provide one of them. When the application for modification or termination has been made and the issues made up on appropriate pleadings, apparently there will be a case within a case, and we assume without deciding that a review here may be had of the district court's decision upon such hearing. That would be a new appeal—whether a short appeal as from final orders affecting a substantial right made after entry of final judgment, or an ordinary appeal as from a final judgment, is a matter upon which we do not express an opinion.

We hold that the trial court has the power to exercise the continuing jurisdiction provided in the statute and which the trial judge in the instant case so carefully reserved in its judgment, notwithstanding that subsequent to the original award an appeal has been granted to this court and such appeal is pending.

We see no place in the present appeal for the proceedings on the application for diminution or termination of the compensation upon the ground of changed conditions arising since the original award was made. Such a practice

might easily result in delay of a review of the original award and might tend to confuse rather than to enlighten us as to the merits of the errors assigned and directed to the original judgment.

Therefore, that part of the motion praying that such proceedings be certified to this court to become a part of the record in the pending appeal is denied. And it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.