277 P.2d 548

Aristeo GONZALES, Claimant, Plaintiff and
Appellant,

v.

Clyde COE, d/b/a C & C Contractors, Em-
ployer; Mountain States Mutual Casualty
Company, Insurer, Defendants and Appel-
lees.

No. 5816.

Supreme Court of New Mexico.

Dec. 10, 1954.

McAtee & Toulouse, Albuquerque, for appellant.

Simms & Modrall, George T. Harris, Jr., Albuquerque, for appellees.

COMPTON, Justice.

Claimant sues for workmen's compensation and for an additional 50% as penalty for failure of the employer to provide safety devices. In October 1950, while claimant was engaged in repairing a sewer line, the ditch in which he was working caved in, covering him to the waist. At the same time, he was hit on the right shoulder by a piece of asphalt. Subsequently, in November 1953, he filed a claim for compensation as a result of the shoulder injury. Among the defenses pleaded, appellees asserted the statute of limitations. After issue was joined, appellees took claimant's deposition, following which they moved for a dismissal of the claim with prejudice and from an order granting the motion, claimant appeals. We observe the parties treated the motion as though made at the close of claimant's case and it will be so treated here.

The decisive question is whether claimant suffered a latent injury, if so the injury is compensable; if not, the claim is barred by the provision of § 57–913, 1941 Comp., limiting to one year the time within which claims must be filed.

We find support for the conclusion to be announced from certain definitions of the word "latent". Webster's New International Dictionary defines the word as "not visible or apparent; hidden; dormant." Black's Law Dictionary defines the word as "hidden; concealed; that does not appear upon the face of a thing." 24 Words and Phrases, p. 300 defines the word as " 'Latent' means not discernible by examination."

The facts are undisputed and viewing the evidence in its most favorable aspect, we conclude that the claim is barred as the accident and injury were concurring incidents. Immediately following the accident claimant noticed a swelling on his right shoulder where he had been hit by the piece of asphalt which

he described as a boil. The accident occurred just before noon and claimant took the remainder of the day off. He returned to work the following morning and has worked regularly since, though not for the same employer. He frankly admits that the injury caused him pain at the time he was hit by the asphalt and that it has continuously caused pain and discomfort in his work at all times since. Consequently, he was charged with notice of his disability at the time of the accident. It was not until October 1953, at a time when claimant took his wife to a doctor for treatment, that he discussed his injury with anyone, except on one occasion with his employer some two years after the accident. The doctor suggested to claimant that the injury "might turn to cancer." He then became alarmed and shortly thereafter filed the claim. It is obvious that he knew on the day of the accident and at all times since that he had some kind of an injury resulting therefrom. The mere fact he did not know the full extent of his injury from a medical standpoint did not excuse him from filing his claim. Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667; Sanderson & Porter v. Crow, 214 Ark. 416, 216 S.W.2d 796; Consolidation Coal Co. v. Dugan, 198 Md. 331, 83 A.2d 863; Kurtz v. Sunderland Bros. Co., 124 Neb. 776, 248 N.W. 84; Stephenson v. McCook Bros., etc., La.App., 27 So.2d 644. For cases involving latent defects, see Anderson v. Contract Trucking Co., Inc., 48 N.M. 158, 146 P.2d 873, and Harlow v. Hare, 51 N.M. 326, 184 P.2d 300.

The judgment will be affirmed, and it is so ordered.

McGHEE, C. J., SADLER and LUJAN, JJ., and FEDERICI, D. J., concur.

SEYMOUR, J., not participating.