291 P.2d 308

Betsy LUCERO, Barbara Jo Lucero, Roberta Lucero and Henry Lucero, Widow and infant children of Joe Lucero, Deceased, Plaintiffs-Appellees,

v.

WHITE AUTO STORES, Inc., and Houston Fire & Casualty Insurance Company, Defendants-Appellants.

No. 5978.

Supreme Court of New Mexico.

Dec. 3, 1955.

Rehearing Denied Jan. 4, 1956.

Charles H. Fowler, Socorro, for appellants.

Whatley & Oman, Edward E. Triviz, Las Cruces, for appellees.

McGHEE, Justice.

This is an action by the widow and surviving children of Joe Lucero under the Workmen's Compensation Act 1953 Comp. § 59-10-1 et seq., for benefits because of his death on May 15, 1953, as a result of fatal burns received in a butane gas explosion on May 11, 1953. Suit was not filed until August 31, 1954, and two of the defenses are here urged by the defendants, appellants, as grounds for reversal of a judgment in favor of the claimants following trial to a jury: first, delay in filing the claim, and second, that the injury did not arise out of and in the course of decedent's employment.

Joe Lucero was manager of the appliance department in the defendant employer's store in Las Cruces, New Mexico. One Juan Reyes purchased a used stove at said store, the transaction being with Lucero. The stove was delivered to Reyes at the Stahmann Farms, where Reyes was a tenant and worker. He made no arrangements with a plumber for installation of the stove. Reyes left his home after his noon meal and during his absence Lucero came to the house. He told Mrs. Reyes he had come by order of his store to install the stove. In the process of Lucero's attempting to install and light the stove, a butane gas explosion occurred. The four Reyes children and Lucero were fatally burned, and Mrs. Reyes sustained severe burns. A damage suit was brought by Reyes and his wife in the United States District Court at Santa Fe, New Mexico, against White Auto Stores, Inc. In the

268

consideration of the instant case, the circumstance and the time of trial of this federal case become important, as will be noted hereafter.

We will first consider the argument of the defendants that the present claim is barred by the one-year statute of limitations, § 59–10–17, N.M.S.A., 1953 Compilation, which provides:

"In event any injury from accident arising out of and in the course of the employment of a workman should result in and be the proximate cause of his death and he should leave surviving him any dependents, as herein defined, entitled to compensation under the terms hereof, payment thereof may be received or claim therefor filed by such person as the court may authorize or permit, on behalf of the beneficiaries entitled thereto, and such claim shall be filed and answer made thereto and other procedure had as in cases filed by the injured workman. Provided, that no claim shall be filed or suit brought to recover such compensation unless claim therefor be filed within one (1) year after the date of such death."

Following our decision in Taylor v. American Employers' Ins. Co. of Boston, Mass., 1931, 35 N.M. 544, 3 P.2d 76, that the right to compensation was wholly statutory and the time fixed for filing claims was a limitation on the right of action, not a mere limitation on the remedy, that the limitation was absolute and unconditional and not subject to pleas of waiver and estoppel, § 59–10–14, N.M.S.A., 1953 Compilation, was enacted, providing:

"The failure of any person entitled to compensation under the Workmen's Compensation Act of the state of New Mexico, * * * to give notice of injury, file claim, or bring suit within the time fixed by said act shall not deprive such person or persons of the right to such compensation where such failure was caused in whole or in part by the conduct of the employer or insurer which would reasonably lead the person or persons entitled to compensation to believe the compensation would be paid."

It is seen that the only modification of the statute covering the time for filing claims, § 59–10–17, supra, was to excuse delay where the failure to file claim had been caused in whole or in part by the conduct of the employer or insurer which would reasonably lead the person or persons entitled to compensation benefits to believe they would be paid.

In the claim filed in this case, the limitation provision was sought to be avoided by pleading that Mrs. Lucero's attorney, J. Benson Newell, of Las Cruces, had been negotiating with attorneys for the defend-

ants in an attempt to make a lump-sum settlement, that the negotiations had been pending for several months and had caused delay in filing the claim as defendants refused to make an offer of compromise which Mrs. Lucero felt warranted her acceptance. It was alleged that Mrs. Lucero was advised by one of the representatives of the defendant, White Auto Stores, Inc., when she was a witness for it in the trial of the damage suit brought by Reyes and his wife in federal court, that she (Mrs. Lucero) and the children would be taken care of under the compensation laws.

As an additional reason for delay in filing claim it was alleged that just before the expiration of the year from the date of Lucero's death, Mrs. Lucero's sister-in-law, Mrs. Dimatteo, contacted Mrs. Lucero's attorney, Mr. Newell, requesting information about the status of Mrs. Lucero's claim and was assured by Mr. Newell that even though the year would elapse before they would or could bring the case to conclusion by compromise or otherwise, that he had been assured by Mr. Forest Sanders of Las Cruces, one of the attorneys for defendants, that should it become necessary for Mrs. Lucero to file suit he would not interpose the objection that the statute of limitation had run; that with this assurance Mrs. Lucero agreed to let the claim stand until the trial of the damage suit by Reyes and his wife against White Auto Stores, Inc., in federal court.

Finally it was alleged that all negotiations for compromise settlement were terminated August 30, 1954, by written communication from defendants' attorneys denying liability.

Just prior to the trial of this case, claimants were permitted to make the following amendment to the claim:

"That plaintiffs' failure to file this suit within one year after date of death of Joe Lucero, was in whole or in part caused by conduct upon the part of the defendants, or one of them, which reasonably led the plaintiffs to believe that compensation would be paid."

The trial court submitted the question to the jury whether the conduct of the employer or insurer was such as to bring the case within the exception noted above, thus tolling the time for filing claim, and, also, the question whether the insurer had waived the one-year limitation.

Defendants seasonably moved for judgment in their favor on these and other points at the close of claimant's case-in-chief, and at the close of all of the testimony. Likewise, suitable objections to the submission of the question of the tolling of the statute and of waiver were made. The motions and objections were overruled.

The evidence on the tolling of the statute and waiver is, in substance, as follows:

While decedent was in a hospital an official of the defendant employer told Mrs. Lucero she need not worry about medical and hospital expenses as they were covered by workmen's compensation; apparently the employer or insurer paid such bills. Shortly after the death of decedent, an insurance adjuster from El Paso, Texas, talked to Mrs. Lucero about the accident and said he would take up the matter of compensation with the company. About the middle of June following, Mrs. Lucero was in El Paso and called the adjuster on the telephone, at which time he stated he had not heard from the company. Mrs. Lucero thereupon employed Mr. Newell to represent her and had no further communications or dealings with the adjuster.

The Accident and Industrial Commission of Texas mailed claim blanks to Mrs. Lucero in June, 1953, but they were returned by Mr. Newell with the statement the New Mexico courts had jurisdiction of the claim.

In the suit to recover damages for the Reyes deaths and injuries pending in the federal court it was claimed the explosion was caused by the negligence of Lucero in making gas connections to and adjusting the burners on the butane stove he had sold to the Reyes family. Mr. Newell made some investigation of the facts and attended the taking of depositions in the case of Reyes v. White Auto Stores, Inc., to familiarize himself with the facts and hoping to hear evidence which would enable him to prosecute successfully a suit for damages against the owner of the Stahmann Farms where the explosion occurred. He delayed the filing of a claim for workmen's compensation benefits on behalf of Mrs. Lucero and her children, as heretofore stated, until August 31, 1954.

About the middle of April, 1954, Mr. Forest Sanders, one of the attorneys for the defendant employer and its insurer, approached Mr. Newell for the purpose of making a lump-sum settlement with the Luceros under the compensation act. Mr. Sanders made an offer of $6,500 in full settlement of the claims, but said he would withhold payment until after the trial of the Reyes damage case in the federal court in Santa Fe in June, 1954. Mr. Newell agreed to recommend acceptance of the offer to Mrs. Lucero, but said he would not tell her anything about it until after the trial of the damage case in the federal court.

Mr. Sanders testified he told Mr. Newell he would not plead or invoke the one-year statute to escape payment of the $6,500, while Mr. Newell testified Mr. Sanders stated he would not invoke such defense in the event Mrs. Lucero declined to ac-

cept such sum. Mr. Newell testified the idea of not telling Mrs. Lucero was his own so she would not be embarrassed if she testified in the damage case and was asked if she had made a settlement of the compensation case. The principal issue in the damage case was whether Lucero was acting within the scope of his employment at the time he made the gas connections and undertook to regulate the stove when the explosion occurred. It is agreed it was the intention of the defendants here to use Mrs. Lucero as a witness in the federal damage case.

A day or two before the year expired following the death of Lucero, Mr. Oman of Las Cruces, then one of the attorneys for the Reyes family, talked to Mrs. Lucero and her sister-in-law about whether she would be a witness in the trial in Santa Fe, and asked whether her claim for compensation had been filed. He was advised Mr. Newell was handling Mrs. Lucero's case, and Mr. Oman then reminded them the year was about to expire and that they had better get in touch with Mr. Newell about filing a claim. The sister-in-law telephoned Mr. Newell and was told by him that he and Mr. Sanders had an agreement taking care of that and everything was under control, but not to say anything about the matter to Mrs. Lucero.

Shortly after the trial of the federal court case, in June, 1954, Mr. Newell told Mr. Sanders he would not recommend acceptance of the offer of $6,500. Mr. Sanders offered to try to get the offer increased to $8,000, but before an answer was received from the insurance company Mr. Newell advised he would not settle the case for less than the full amount, that Reyes had recovered a substantial verdict and that he, Newell, had learned he had a good case. Mr. Newell asked for a written refusal to pay the statutory compensation and a short time after receiving a written refusal this action was filed.

The jury did not make special findings so it is impossible to determine whether it believed the testimony of Mr. Newell that Mr. Sanders had agreed to waive the one-year statute of limitation in the event Mrs. Lucero refused to accept the $6,500 offer, or whether the failure of the claimants to file the claim within one year was caused in whole or in part by conduct of the defendants in causing the claimants to believe compensation would be paid.

■ The rule of Taylor v. American Employers' Ins. Co. of Boston, Mass., supra, has stood unchanged except for the amendatory statute above quoted, § 59–10–14, which is applicable in instances where the failure of a claimant to file his claim is caused wholly or partially by conduct of the employer or insurer which would reasonably lead the person or per-

sons entitled to compensation to believe it would be paid. The only compensation the defendants led any one to believe would be paid was the $6,500 lump-sum settlement offer made by Mr. Sanders. The offer was never withdrawn and Mr. Sanders offered to make such payment while he was on the witness stand in the trial of this case. We do not believe it would be within the spirit of the statute to hold the statute was tolled for a greater amount under the record in this case.

There remains the consideration whether the conduct of the employer or insurer was such as to reasonably lead Mrs. Lucero to believe the compensation was to be paid. She had no contact with the employer or insurer between the time of the telephone conversation with the adjuster in El Paso about the middle of June, 1953, until she talked with one of the officials of the employer in Santa Fe a year later. It is agreed that if the claim was then barred, such conversation would not revive it. It is not claimed that Mr. Sanders said anything to Mr. Newell about paying any more than the $6,500 until after the year had run.

We reluctantly hold the evidence is insufficient to toll the statute from May 15, 1953, to August 31, 1954, except as to the $6,500. By June 15, 1954, a full year had elapsed since Mrs. Lucero had had her last contact with the adjuster, and he had only promised to contact the insurer and see what could be done.

The second question on this appeal relates to whether decedent's fatal injuries arose out of and in the course of his employment. There is ample testimony in the record to sustain the allegation of the claim in this regard and this point is ruled against the defendants. The tenth Circuit Court of Appeals upheld a finding to that effect on evidence substantially the same as we have here in White Auto Stores, Inc., v. Reyes, 1955, 223 F.2d 298.

The judgment will be reversed with instructions to vacate it and enter a new one in favor of claimants for $6,500 without attorneys' fees, and to assess the costs of this appeal against claimants. Compare Gonzales v. Sharp & Fellows Contracting Co., 1944, 48 N.M. 528, 540, 153 P.2d 676, 1947, 51 N.M. 121, 179 P.2d 762.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.