357 P.2d 57

Jose E. ARMIJO, Plaintiff-Appellant,

v.

**UNITED STATES CASUALTY COMPANY,**
Defendant-Appellee.

No. 6623.

Supreme Court of New Mexico.

Nov. 29, 1960.

O. Russell Jones, Jack Smith, Edwin E. Piper, Santa Fe, for appellant.

Seth, Montgomery, Federici & Andrews, Santa Fe, for appellee.

CARMODY, Justice.

Claimant appeals from the dismissal of his claim seeking workmen's compensation.

Two questions are presented on the appeal: (1) the claimed error of the trial court in determining that the statute of limitations had run; and (2) that the trial court erred in dismissing the complaint at the time and in the manner that it did.

Inasmuch as our determination of the case is based upon the second point, we expressly decline to rule upon the first alleged error, and our failure to so do should not in any sense be considered as solace to either of the parties, nor any implication as to how the trial court should proceed as to it in the future.

Claimant filed his case more than two years after the date of his claimed injury. The claim was in the statutory form and generally described the injury and disability and, in addition, stated, "defendants have never refused compensation or placed plaintiff on notice." The answer, containing certain admissions and denials, also alleged as a first defense that the claim was barred by the statute of limitations and should be dismissed. Thereafter, claimant's deposition was taken by the defendant and the case was set for trial. On the morning of the trial and prior to empaneling a jury, the court heard arguments on the legal defense, and found as a fact, based on the claim and deposition, that the claim was not filed within the time prescribed by statute, and therefore dismissed the same.

Claimant urges that such action precluded the claimant from submitting to a jury the factual questions as to whether the claimant was led to believe he would be paid compensation by the defendant and as to whether he was suffering from a latent injury insofar as it related to the date of his incapacity for work.

■ We have held that the statute of limitations in workmen's compensation cases affects the right of action and is jurisdictional, with the burden on the claimant to prove compliance therewith. Maestas v. American Metal Co., 1933, 37 N.M. 203, 20 P.2d 924; Wilson v. New Mexico Lumber & Timber Co., 1938, 42 N.M. 438, 81 P.2d 61, and Ogletree v. Jones, 1940, 44 N. M. 567, 106 P.2d 302. However, we have not held, and do not now do so, that the claimant must necessarily allege compliance in the first instance. It is a matter of proof, not formality of pleading.

■ The authorities are well nigh unanimous that whether a claim for compensation was timely filed or whether good cause exists for the delay in the filing are ordinarily questions of fact, and may become questions of law only where the facts

are not in dispute. We agree that this is the rule. Johnson v. Skelly Oil Company, 1956, 180 Kan. 275, 303 P.2d 172; Conn v. Chestnut Street Realty Co., 1939, 235 Mo. App. 309, 133 S.W.2d 1056; Fischbein v. Real Estate Management, 1944, 131 N.J.L. 495, 37 A.2d 199, and Black v. Industrial Commission, 1946, 393 Ill. 187, 65 N.E.2d 798. Compare, Garcia v. New Mexico State Highway Department, 1956, 61 N.M. 156, 296 P.2d 759.

We do realize that there have been cases decided by us where there has been a determination of the running of the statute of limitations in a workmen's compensation case on the basis of a demurrer, motions to dismiss, and perhaps in other ways. See, Wilson v. New Mexico Lumber & Timber Co., supra; Garcia v. New Mexico State Highway Department, supra; Gonzales v. Coe, 1954, 59 N.M. 1, 277 P.2d 548, and Magee v. Albuquerque Gravel Products Company, 1959, 65 N.M. 314, 336 P.2d 1066. However, an examination of these cases makes it apparent that in no instance did the claimant object to such a procedure, nor was the problem raised except in Magee v. Albuquerque Gravel Products Company, supra, where a determination of the question was not necessary.

It should also be noted that in the very recent case of Montell v. Orndorff, 1960, 67 N.M. 156, 353 P.2d 680, 685, the appeal was taken from an order sustaining a motion for summary judgment. Although the procedural question was not discussed and the decision concerned an entirely different problem, the case was reversed and remanded "for trial wherein the factual issue of timeliness of notice shall be determined by the fact finder. * · * * "

In the case before us, the court was alerted to the fact that the claimant wished to present the issue to a jury for their determination. Under our statute as it existed at the time, claimant was entitled to a jury trial and to have the jury pass upon disputed questions of fact. It is quite apparent that the claimant knew that he would have to meet the defense of the statute of limitations, and was, we assume, ready to do so when the case went to trial. For the trial court to determine the issue on the basis only of the claim and claimant's discovery deposition, in effect, prevented the plaintiff from having a trial by jury. It may be that, even though claimant's answers on cross-examination may have failed to satisfy the jurisdictional burden of proof, his direct testimony at a trial and such other proof as he might develop could make the factual issue a disputed one and therefore a jury question.

We have many times held that the workmen's compensation act is sui generis and have refused to engraft procedures other than those expressly set forth in the act. To approve the action taken in the present case would enlarge the procedure set forth by the statute to allow something in the

nature of a motion for summary judgment. This we decline to do.

The action of the trial court was premature, and the facts in question should be submitted to a jury unless upon motion the court determines either at the close of the plaintiff's case or at the close of all the evidence that the facts presented are not in dispute or will permit only one reasonable conclusion therefrom.

The cause will be remanded to the district court with instructions to vacate its order of dismissal and proceed in accordance with the views herein expressed. It is so ordered.

COMPTON, C. J., and MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.