423 P.2d 617

**Locadio BACA, Jr., Plaintiff-Appellee,**

**v.**

**Antonio GUTIERREZ, d/b/a Pueblo Electric Company, Employer, and Maryland Casualty Company, Insurer, Defendants-Appellants.**

**No. 8035.**

Supreme Court of New Mexico.

Jan. 9, 1967.

On Motion for Attorneys' Fees

Jan. 30, 1967.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Richard P. Campbell, Albuquerque, for appellants.

Wilkinson & Durrett, John E. Conway, Alamogordo, for appellee

## OPINION

CHAVEZ, Chief Justice.

Plaintiff-appellee Baca filed a claim in district court for 10% increased workmen's compensation pursuant to § 59–10–7, N.M. S.A., 1953 Comp. The claim alleged that defendant-appellant Antonio Gutierrez, d/b/a Pueblo Electric Company, negligently failed to supply a reasonable safety device, to-wit a safety belt, in general use for the protection of appellee, and such failure was the proximate cause of appellee's injuries. This appeal is from a judgment granting the 10% increased workmen's compensation.

On October 31, 1963, while in the employment of Gutierrez, Baca fell from the top of a 70-foot pole to the roof of a fire station, receiving injuries to his back, left arm and ribs. Prior to the fall, Gutierrez and Baca had ascended the pole and commenced installing an antenna. After approximately three minutes, the safety belt, which held Baca to the pole, split and he fell. Baca was totally and permanently disabled and appellant-insurer Maryland Casualty Company began paying the scheduled compensation.

The record shows that Gutierrez was an electrical contractor doing business in northern New Mexico, and that Baca was employed by Gutierrez as an apprentice electrician. Baca had worked for Gutierrez for approximately two and one-half months and, during that period, had climbed poles for Gutierrez on three previous occasions. On the day of the accident, Gutierrez asked Baca to bring his climbing gear, which included a safety belt, and travel with him from Santa Fe to White Rock, New Mexico, to install an antenna. Gutierrez did not have available or offer to provide a safety belt, and Baca did not request that Gutierrez furnish a safety belt. Baca had his own safety belt, which was issued to him in 1958 when he was a linesman in the U. S. Marine Corps.

The trial court found that on and prior to October 31, 1963, appellant Antonio Gutierrez, d/b/a Pueblo Electric Company, required appellee Baca, in the course and scope of his employment, to climb poles and, in doing so, it was necessary for Baca to use climbing equipment consisting of a safety belt, which attaches to the waist belt, and climbing spikes and, in order to install the radio antenna at the top of the pole, it was necessary for Baca to be held and supported by a safety belt.

The trial court also found that Baca's injuries were proximately caused by the negligent failure of Gutierrez to provide a reasonable safety device in general use in the electrical contracting industry, and that said safety device is generally supplied by the employer.

These findings of the trial court are not attacked and must be accepted by us as the facts upon which the case rests in this court. Cooper v. Bank of New Mexico, (filed November 21, 1966), 77 N.M. 398, 423 P.2d 431; Michael v. Bauman, 76 N.M. 225, 413 P.2d 888; J. A. Silversmith, Inc. v. Marchiondo, 75 N.M. 290, 404 P.2d 122.

The only issue in this appeal involves an interpretation of § 59–10–7, supra, which states in part:

"B. In case an injury to, or death of a workman results from the failure of an employer to provide safety devices required by law, or in any industry in which safety devices are not prescribed by statute, if an injury to, or death of, a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman, then the compensation otherwise payable under the Workmen's Compensation Act shall be increased ten per cent [10%]."

The question presented is: Has the employer in this case negligently failed to provide for the employee's safety, when a safety device, which was provided by the employee, failed to protect the employee?

Appellants contend that, where the employer is not required by statute to provide a safety device, but because of general usage is required to see that a safety device is utilized and the safety device is provided by the employee, no penalty should be imposed due to a defect in the safety device, unless the employee proves a failure by the employer to inspect, where the defect could have been discovered, or the employer was negligent in his inspection. Appellants ask that we look at the "plain wording" and "purpose" of the statute, and argue that it is not "mere failure to provide" which is proscribed, but also the "negligent disregard for the safety of employees." They contend that the purpose of the statute is to prevent industrial accidents by attempting to deter employers from failing to see that their employees are protected, when protection is available.

■ We cannot agree with appellants' interpretation of § 59–10–7(B), supra. The negligence proscribed is the failure to supply the safety device, not the negligent disregard for the safety of employees. Dickerson v. Farmer's Electric Coop., Inc., 67 N.M. 23, 350 P.2d 1037; Wright v. Schultz, 55 N.M. 261, 231 P.2d 937. In Apodaca v. Allison & Haney, 57 N.M. 315, 258 P.2d 711, we stated:

"Actually, the safety statute itself makes the case one of negligence—negligent failure of the employer to supply reasonable safety devices 'in general use' for the protection of the workmen. * * *"

■ As to who shall supply the safety device, consideration is given to the rationale influencing the legislature to enact § 59–10–7, supra. Workmen's compensation is a loss-distribution mechanism with two objectives. The first is to make the victim whole, and the second is to see, if possible, that the loss falls on the wrongdoer as a matter of simple ethics. Early compensation systems tended to be concerned only with the first objective. If they enforced the second objective at all, they did so with crushing force by causing a loss of all benefits of the compensation system. To the employee this meant a loss of monetary payments, and to the employer a loss of immunity from common-law suits.

■ A percentage penalty system, such as we have in § 59–10–7, supra, is a recognition of and an attempt to correct the disproportion which might exist between the misconduct and the penalty. It attempts to accomplish both objectives of a compensation system; first, by providing enough compensation protection to avoid reducing the claimant to destitution; and second, by allowing a part of the loss, in the form of a fine, to fall on the wrongdoer. The result is an incentive to both parties to observe safe practices, and the compensation system becomes more acceptable. 2

Larson, Workmen's Compensation Law, §§ 70.10, 70.20, pp. 162–164.

If § 59–10–7, supra, is considered a penalty system within our Workmen's Compensation Act, the form of the statute suggests who is to supply the safety device. Paragraph "A" speaks to the employee, in effect, saying: "You will use 'a safety device provided by * * * [your] employer.'" Nothing is said about the workman providing his own safety device. Paragraph "B" speaks to the employer, saying: "You will 'supply reasonable safety devices in general use for the use or protection of the workman.'" In Apodaca v. Allison & Haney, supra, we stated:

"The act here involved was passed to compel employers to supply reasonable safety devices in general use for the protection of the workman where safety devices are not specified by law. Only by observing it may employers avoid liability under it for compensable injuries to their employees. It is negligence to fail to do so if the facts render the act applicable. * * *"

The legislature enacted § 59–10–7, supra, as a penalty system, placing the duty on the employer to furnish adequate safety devices in general use for the use or protection of the workman, and in the event of his failure to do so, making him liable to be found guilty of negligence and subject to the penalty provided. If we were to agree with appellants, we would be shifting a part of this duty, however slight, to the workman. This we cannot do. This duty must remain where the legislature intended it to be placed.

The judgment is affirmed. It is so ordered.

MOISE, J., and SPIESS, J., Court of Appeals, concur.

## OPINION ON MOTION FOR ATTORNEYS' FEES.

PER CURIAM.

In his brief, plaintiff-appellee requested that attorneys' fees be allowed. We overlooked this request. By motion, plaintiff-appellee has called this oversight to our attention.

It is, therefore, ordered that attorneys' fees in the sum of $750.00 be and the same are hereby awarded to plaintiff-appellee for the services of his attorneys on this appeal.