572 P.2d 1276

**Ernesto GARZA, Plaintiff-Appellant,**

v.

**W. A. JOURDAN, INC., and the Hartford Insurance Company, Defendants-Appellees.**

**No. 2889.**

Court of Appeals of New Mexico.

Dec. 6, 1977.

Rehearing Denied Dec. 13, 1977.

Writ of Certiorari Denied Dec. 30, 1977.

J. E. Gallegos, Steven L. Tucker, Jones, Gallegos, Snead & Wertheim, P. A., Santa Fe, for plaintiff-appellant.

Lowell Stout, Hobbs, for defendants-appellees.

## OPINION

LOPEZ, Judge.

This suit was brought pursuant to the Workmen's Compensation Act §§ 59–10–1 through 59–10–37, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1974) for the recovery of the ten percent [10%] penalty due because of the employer's failure to provide guard rails or braces on the scaffolds as safety devices. Plaintiff's claim was dismissed with prejudice, and from this dismissal plaintiff appeals. We reverse.

The plaintiff, Ernesto Garza (hereinafter "the workman"), was employed by the defendant, W. A. Jourdan, Inc. (hereinafter "the employer").

Plaintiff was a cement finisher on building construction projects. He was injured in the course of his employment, while working on a construction project in 1972. The workman was paid regular workmen's compensation benefits until June 9, 1975.

**270**

After defendant defaulted in payment, plaintiff filed his complaint in this action. After the complaint was filed the defendant reinstituted payment and continued payment until after the court's hearing.

The court below found that:

"At the time of filing of this action, the weekly installments of compensation had been suspended but were later restored and the plaintiff has been paid all installments of disability benefits from the date of the injury through the trial date of January 3, 1977."

The court also found the workman to be totally and permanently disabled.

At the beginning of the trial the defendants moved to dismiss the workman's claim on the ground that it was barred by the one-year statute of limitations contained in § 59–10–13.6, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974). Defendants' motion to dismiss was granted, although the court did receive evidence in the nature of an offer of proof. Plaintiff raises two points on this appeal: (1) the statute of limitations was not raised prior to trial as required for an affirmative defense; and (2) the statute of limitations does not apply to the ten percent [10%] penalty provision set out in § 59–10–7, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1960).

(1) *The statute of limitations section is jurisdictional.*

The statute of limitations section of the Workmen's Compensation Act is set out in § 59–10–13.6, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1960) as follows:

"*Claim to be filed for workmen's compensation—Effect of failure to give required notice or to file claim within time allowed.*—A. If an employer or his insurer fails or refuses to pay a workman *any installment of compensation* to which the workman is entitled under the Workmen's Compensation Act [59–10–1 to 59–10–37], . . . it is the duty of the workman insisting on the payment of compensation, to file a claim therefor as provided in the Workmen's Compensation Act, *not later than one [1] year after the failure or refusal of the employer or in-*

*surer to pay compensation.*" [Emphasis added].

Plaintiff argues that the limitations statute must be pleaded as an affirmative defense and failure to do so precludes defendant from raising it at a later time under Rule 8(c) of the New Mexico Rules of Civil Procedure [§ 21–1–1(8)(c), N.M.S.A.1953 (Repl.Vol. 4, 1970)]; *Chavez v. Kitsch*, 70 N.M. 439, 374 P.2d 497 (1962). The Workmen's Compensation Act is sui generis and creates exclusive rights, remedies and procedures.

We wish to correct a misstatement of the law we made in *Martinez v. Earth Resources Co.*, 90 N.M. 590, 566 P.2d 838 (Ct.App.1977), wherein we stated that the statute of limitations is a privilege which may be interposed or waived. Under our Workmen's Compensation Act, the limitation of time for filing is a condition precedent to the right to maintain the action, and as this limitation provision is jurisdictional, it may not be waived.

"Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as the remedy, and in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations."

*Swallows v. City of Albuquerque*, 61 N.M. 265, 298 P.2d 945 (1956).

Plaintiff's contention that this action is governed by the New Mexico Rules of Civil Procedure is without merit.

"Workmen's compensation statutes are sui generis and create rights, remedies and procedure which are exclusive. They are in derogation of the common law and are not controlled or affected by the code of procedure in suits at law or actions in equity except as provided therein." *Swallows*, supra.

The position that Rule 8(c) of the New Mexico Rules of Civil Procedure is controlling as to the pleading of affirmative defenses is contrary to New Mexico decisions

which hold that the filing of a claim within the prescribed time is a jurisdictional matter. *Linton v. Mauer-Neuer Meat Packers*, 71 N.M. 305, 378 P.2d 126 (1963); *Armijo v. United States Casualty Company*, 67 N.M. 470, 357 P.2d 57 (1960); *Taylor v. Am. Employers' Ins. Co. of Boston, Mass.*, 35 N.M. 544, 3 P.2d 76 (1931).

Therefore, in correcting the misstatement in *Martinez v. Earth Resources Co.*, supra, we conclude that the limitations provision set out in the Workmen's Compensation Act is jurisdictional.

(2) *The statute of limitations does not apply to plaintiff's claim for the additional 10% penalty.*

The statutory penalty section for failure to provide or failure to use safety devices reads as follows:

"59–10–7. *Increase or reduction in compensation based on failure of employer to provide or failure of employee to use safety devices.*

"A. In case an injury to, or death of a workman results from his failure to observe statutory regulations appertaining to the safe conduct of his employment, or from his failure to use a safety device provided by his employer, then the compensation otherwise payable under the Workmen's Compensation Act [59–10–1 to 59–10–37] shall be reduced ten per cent [10%].

"B. In case an injury to, or death of a workman results from the failure of an employer to provide safety devices required by law, or in any industry in which safety devices are not prescribed by statute, if an injury to, or death of, a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman, then the compensation otherwise payable under the Workmen's Compensation Act shall be increased ten per cent [10%]." Section 59–10–7, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1960).

The question presented in this appeal is one of first impression in New Mexico:

"Does the one-year statute of limitations section apply to the above-quoted penalty section?"

The rule of liberal construction in Workmen's Compensation cases is well-established in this jurisdiction. *Anaya v. City of Santa Fe*, 80 N.M. 54, 451 P.2d 303 (1969); *Casados v. Montgomery Ward & Co.*, 78 N.M. 392, 432 P.2d 103 (1967).

■ This rule applies to the interpretation of law not facts. *Lopez v. Schultz & Lindsay Construction Company*, 79 N.M. 485, 444 P.2d 996 (Ct.App.1968), cert. denied, 79 N.M. 448, 444 P.2d 775 (1968). This case involves a legal dispute over the construction of the applicable statutes and, because no facts are in dispute, the issue concerning the statute of limitations is a matter of law for the Court to decide. *Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct.App.1972).

The New Mexico Supreme Court has held that the one-year limitations section has a limited application and is "more restrictive" than similar statutes in other jurisdictions. *Garcia v. New Mexico State Highway Department*, 61 N.M. 156, 296 P.2d 759 (1956). The Court in *Garcia* held that medical benefits did not constitute payment of compensation for the purposes of the limitations statute because the word "compensation" refers to "regular semi-monthly benefits."

■ The ten percent increase or decrease in the safety device section does not fall within the purview of the limitations section either. The ten percent increase or decrease is a penalty statute. As explained in *Baca v. Gutierrez*, 77 N.M. 428, 423 P.2d 617 (1967):

"The legislature enacted § 59–10–7, supra, as a penalty system, placing the duty on the employer to furnish adequate safety devices in general use for the use or protection of the workman, and in the event of his failure to do so, making him liable to be found guilty of negligence and subject to the penalty provided."

Thus, the safety device statute is not compensatory but punitive, and the portion stating "the compensation otherwise pay-

able . . . shall be increased ten percent [10%]" is the measure of computing the amount of penalty to be levied.

■ Supporting this interpretation is the express recognition by the legislature in § 59–10–36, supra, that an action for the penalty is independent of the payment or non-payment of regular compensation benefits. Section 59–10–36, supra, provides:

"*Premature filings.*—No claim shall be filed by any workman who is receiving maximum compensation benefits; Provided, however, a *workman claiming* additional compensation benefits, because of his employer's alleged failure to provide a safety device, may file suit therefor, but in such event only the safety device issue may be determined therein."

Thus, a workman, pursuant to the exception stated in this statute, may file a suit for the penalty despite the fact that he is receiving "maximum compensation benefits" or has been receiving regular semimonthly benefits.

The New Mexico Supreme Court decision in *Norvell v. Barnsdall Oil Co.*, 41 N.M. 421, 70 P.2d 150 (1937) is applicable by analogy to this case. Although that case involved the continuing jurisdiction of the court in an application for decrease or termination of an award, the question also arose whether the limitation period which applied to an original claim applied equally to an application to reopen:

"[A]pplication to decrease or terminate compensation under a prior award not being an original proceeding is not affected by the provision of the act fixing the time within which original proceedings for compensation must be instituted . . and in the absence of controlling statute or rule may be presented at any time within the period for which compensation is allowable . . . ." *Barnsdall,* supra, at 423, 70 P.2d at 152.

Plaintiff's regular disability compensation had been paid when this claim was filed and he had not yet completed his maximum benefit period under the Act. As this action is not an original proceeding for compensation the limitations provision of the Act is inapplicable.

The legislature intended only to limit time for the filing of initial claims for compensation. Had the legislature intended otherwise, the statutory provision would have included or made reference to the time period within which an employer had to file for a reduction of the employee's compensation for his failure to use the safety devices provided. To interpret the statute of limitations provision to apply only to the benefits of the employee and not concomitantly to the benefits of the employer would surely violate the intent of the legislature.

■ Therefore, although the statute of limitations is jurisdictional and need not be raised as an affirmative defense, it nevertheless does not apply to the statutory penalty section relating to increase or reduction in compensation for failure to supply safety devices.

The judgment of the trial court is reversed and remanded to determine the issue of whether the employer had in fact failed to provide the required safety devices specified and for proceedings consistent with this opinion.

IT IS SO ORDERED.

SUTIN, J., specially concurring.

HERNANDEZ, J., concurs.

SUTIN, Judge (specially concurring).

I specially concur.

A. *Delay in workmen's compensation cases should be avoided.*

Delays in workmen's compensation cases is an occurrence that often violates the spirit and purpose of the law. *Weiss v. Hanes Mfg. Co.*, 90 N.M. 683, 568 P.2d 209 (Ct.App. 1977); *Casaus v. Levi Strauss & Co.*, 90 N.M. 558, 566 P.2d 107, State Bar of New Mexico Bulletin, Vol. 16, No. 21, p. 1928. Delays should be noted by district judges. An explanation of the delay should be made a part of the record. Without an explanation, an appellate court cannot determine whether a labor of love was undertaken in the work.

Plaintiff's complaint was filed July 21, 1975. Defendants' answer was filed August 26, 1976, thirteen months later. The record does not disclose what occurred during the interim period. On January 3, 1977, seventeen months after the complaint was filed, the case came on for hearing. On the morning of the hearing, defendants orally raised the defense that the one year limitation period barred plaintiff's right of action (Section 59–10–13.6(A), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) for the negligent failure of the employer to provide plaintiff with a safety device. (Section 59–10–7).

It does not require clairvoyance to state that defendants' attorney, an able and competent member of the Bar, knew or should have known of this "alleged" defense upon receipt of the plaintiff's complaint. To wait seventeen months to present it to the court on the morning of the hearing indicates to me that serious doubts existed in his mind as to the applicability of § 59–10–13.6(A). "To throw the spanner in the works" means to throw a wrench in the proceedings that create difficulties and obstructions to a hearing on the merits. The trial court became confused by the wreckage and ruled in defendants' favor.

Defendants had the right to throw the "monkey wrench," but it should have been thrown seventeen months earlier. This delay should be avoided.

B. *Section 59–10–13.6 is not applicable to the safety device provision.*

Section 59–10–13.6(A) provides:

. . . [I]f the workman fails to file a claim for compensation within the time required by this section [1 year], his claim for compensation, all his right to recovery of compensation and the *bringing of any legal proceeding for the recovery of compensation are forever barred.* [Emphasis added].

This provision is often designated as a statute of limitations. It is not. This statute bars the right as well as the remedy. In civil cases, a statute of limitations is an affirmative defense. Section 21–1–1(8)(c), N.M.S.A.1953 (Repl.Vol.4). Under the Workmen's Compensation Act, it is not, even though the Rules of Civil Procedure apply. The reason is that § 59–10–13.6 is jurisdictional and bars the right to bring the action.

Section 59–10–13.6 is a limitation on the right of action, and not a mere limitation on the right of remedy. It is absolute and unconditional, and it is not subject to pleas of waiver and estoppel. *Taylor v. Am. Employers' Ins. Co. of Boston, Mass.,* 35 N.M. 544, 3 P.2d 76 (1931). This rule has remained unchanged. *Lucero v. White Auto Stores,* 60 N.M. 266, 291 P.2d 308 (1956). *Taylor* quotes the following:

"*A statute which in itself creates a new liability gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations.. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits.*" [Emphasis added]. [35 N.M. at 549, 3 P.2d at 78].

See also *Howell v. Burke,* 90 N.M. 688, 568 P.2d 214 (Ct.App.1977), (Sutin, J. dissenting).

It is wise to recognize this distinction. Else attorneys will continue to claim that a statute of limitations is an affirmative defense to be pleaded in a workmen's compensation case. The language in § 59–10–13.6, supra, was included in the original act passed in 1929, 48 years ago. It has never been modified or repealed. In my opinion, the New Mexico rule is too harsh. "The majority rule is that strict compliance with notice and claim requirements may be waived by the employer or insurer." 3 Larson's Workmen's Compensation Law, Section 78.70 (1976). A change in the rule rests within the discretion of the Supreme Court or the legislature.

*Martinez v. Earth Resources, Inc.,* 90 N.M. 590, 566 P.2d 838 (Ct.App.1977), by way of dicta, stated that a statute of limitations is not jurisdictional. I agree with the spirit expressed. However, in a special concurring opinion, I stated that "Section 59–

10–13.6 applies to the initial claim for compensation. It does not apply to reopening procedures." [566 P.2d at 842].

Section 59–10–7 on the subject of safety devices was also included in the original Workmen's Compensation Act enacted in 1929. Forty-eight years have passed. The limitation period as a bar has not heretofore been raised in safety device cases. The safety device provision involves a case of negligence—negligent failure of the employer to supply reasonable safety devices. *Apodaca v. Allison & Haney*, 57 N.M. 315, 258 P.2d 711 (1953); *Baca v. Gutierrez*, 77 N.M. 428, 423 P.2d 617 (1967). It contains no limitation period in which to commence proceedings for the recovery of a 10% penalty. This penalty is not compensation. If the legislature intended to make § 59–10–13.6 applicable to a negligence action, it would have so provided.

It is wise for the legislature to confine the limitation period to the initial claim for compensation. Some statutes provide for specific provisions as to the time for the institution of proceedings for review and modification of an award. Various conclusions in statutory construction have occurred. See, *Creel v. Industrial Commission*, 54 Ill.2d 580, 301 N.E.2d 275 (1973); *Binswanger Glass Company v. Wallace*, 214 Va. 70, 197 S.E.2d 191 (1973); *Ball v. Industrial Commission*, 30 Colo.App. 583, 503 P.2d 1040 (1972); 82 Am.Jur.2d Workmen's Compensation, § 605 (1976).

In my opinion, § 59–10–13.6 is applicable only to the initial claim for compensation and not otherwise.